Robert M. Errato
*Plaintiff, pro se*
155 Chestnut Lane
Hamden, CT 06518
203-494-5141
boberrato@gmail.com

JUN 21 2022 AM10:01
FILED-USDC-CT-NEW-HAVEN

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW HAVEN

| | |
|---|---|
| **ROBERT M. ERRATO**<br><br>Plaintiff,<br><br>v.<br><br>**Attorney Lauren T. Seder**<br>**Attorney Campbell D. Barrett**<br>**Attorney Jon T. Kukucka**<br>**Johanna S. Katz**<br>**Gerard I. Adelman in his individual capacity**<br>**Michael A. Albis in his individual capacity**<br>**Barbara M. Quinn in her individual capacity**<br>**Leo Vincent Diana in his individual capacity**<br><br>Defendant. | **Case No.:** 22 CV 793 SVN<br><br>**COMPLAINT**<br><br>**Fraud on the Court by Officers of the Court. Denial of Plaintiff's Civil rights related to Equal Protection Under the Law-Denial of Procedural Due Process.**<br><br>**42 USC 1983**<br><br>**AMOUNT PRAYED FOR: $6,000,000 plus punitive damages as awarded by the Court or a Jury.** |

PLAINTIFF, appearing *pro se*, brings this COMPLAINT against Defendants and alleges as follows:

## 1.

**JURISDICTION:** This Court has original jurisdiction of the federal claims contained in this Complaint pursuant to 28 USC 1331. Jurisdiction is proper in this court because: At all times material to this complaint, Plaintiff was a resident of the New Haven Division of the District of Connecticut. Defendants' as recited above are all officers of the court. The Plaintiff (Errato)

**COMPLAINT**, page 1 of 17

claims in this complaint include: Fraud on The Court By Officers' which not only defiled the *Court Itself*, but also violate the protected civil rights of the Plaintiff including: Denial of Plaintiff's Civil rights related to Equal Protection Under the Law, Denial of the Plaintiff 's Errato of his property without due process of law, and the Denial of Procedural Due Process. The defendants' committed the conduct complained of herein acting under the color of state law. Attorney Seder is presently representing herself in this dissolution action and was assigned Juris No. 304779.

**2.**

In this dissolution action, Attorney Lauren T. Seder was represented by Campbell D. Barrett of Pullman & Comley, LLC, assigned Juris No. 411241 and Jon T. Kukucka, assigned Juris No., 426052; Johanna S Katz and at all times they represented Attorney Lauren Seder in this action they were and continue to be officers of the court.

**3.**

In the dissolution action various judges presided over hearings, motions and the trial, namely: Gerard I. Adelman, Michael A. Albis, Leo Vincent Diana, and Barbara M. Quinn.  Each of these then judges are officers of the court.

**4.**

Each of the judges identified above are subject to the Code of Judicial Conduct. Canon 3 of the Judicial Code of Conduct is entitled  "A Judge Should Perform the Duties of Judicial Office Impartially and Diligently."

**5.**

Pursuant to Canon 3 a judge owes a duty to help develop the truth of the matter involved in those proceedings the jurist is presiding over.   The Defendant is owed that duty from each of the judges identified above.  The Defendant has a special private right to have the truth of the matters at issue in the dissolution action be aired, and have the protection of his federally protected civil rights.

**6.**

During the proceedings in the dissolution action, Attorney Lauren T. Seder and her counsel, Campbell D. Barrett, as officers of the court, conspired to knowingly and intentionally fabricated physical evidence in at least two (2) financial affidavits of Attorney Lauren T. Seder.

**7.**

During the proceedings in the dissolution action, the judges identified above, as officers of the court, intentionally ignored or knowingly and intentionally accepted the fabricated physical evidence and knowingly and intentionally abandoned the ministerial obligation to help develop the truth of the matter involved in the proceeding they presided over.  They failed in their judicial function and breached the duty owed by them to the *Court Itself* under Canon 3 and the duty owed to the Defendant.

**8.**

The actions of the lawyers and the judges described above defiled the *Court Itself* such that the judicial machinery did not perform, in the usual manner, its impartial task of adjudging this dissolution action and their actions constitute a fraud on the court.

**9.**

Thereafter, each and every significant decision in the dissolution action was tainted by the fraud on the court much to the financial detriment of the Plaintiff Errato.

**10.**

As a result of the fraud on the court by the above referenced officers of the court the decisions produced by fraud on the court are not in essence decisions at all and never become final.

**11.**

The Plaintiff raised the issue, *in fact*, of the fabricated physical evidence, perjury and the fraud on the court before all the above referenced officers of the court and none took any action to stop the corruption of the *Court Itself*.

**12.**

The Plaintiff having no other effective and adequate remedy available other than seeking an order in the nature of a mandamus pursuant to Connecticut Practice Book Section 23-47 and filed it on May 24, 2022.

**13.**

On June 7, 2022 judge (435698) LEO VINCENT DIANA Denied the Plaintiff's (Errato's) motion for a nature of a mandamus pursuant to Connecticut Practice Book Section 23-47 filed on May 24, 2022 without any explanation. His unexplained decision, denied the Plaintiff Errato of his civil rights including; his right to be heard, right to present evidence, opportunity to present reasons for the proposed action requested, right to call witnesses, right to cross-examine adverse witnesses all in front of an unbiased tribunal.

**14.**

The defendants Attorney Seder and Attorney Barrett conspired together and on October 22, 2015 filed with the Family Court of Hartford CT Attorney Seder's Sworn Financial Affidavit with fabricated expenses.  The October 22, 2015 financial affidavit of Attorney Seder listed total weekly expenses of $3,111.

**15.**

The defendants Attorney Seder and Attorney Barrett conspired again, and on December 16, 2015 filed with the Family Court of Hartford CT Attorney Seder's second Sworn Financial Affidavit with fabricated expense numbers.  The December 16, 2015 financial affidavit of Seder

**COMPLAINT**, page 5 of 17

listed total weekly expenses of $4,439 an increase above the 10/22/2015 affidavit of $1,328 in less than 7 weeks. As the evidence will show, *in fact,* Attorney's Seder's actual weekly expense was less than $1,700 per week at that time.


**16.**


During an alimony pendente lite trial on December 16, 2015 Attorney Seder conspired with her attorney Campbell D. Barrett and submitted to the Court physical evidence in the form of a sworn financial affidavit that contained fabricated expense numbers, completely false as to the individual expense figures, the total weekly and monthly expense numbers. Plaintiff Errato raised this issue to the Court (Albis) how the expense numbers had to be "fraudulent and "fabricated".


**17.**


Attorney Seder testified under oath in direct questioning from her attorney Campbell D. Barrett. At the time of her testimony both Attorney Seder and Barrett knew she intentionally made numerous false, misleading and perjury laced statements to the Court. At that time both Attorney Seder and Attorney Barrett knew Seder's testimony was false, misleading and amounted to perjury and suborning perjury. Seder's testimony together with the fabricated physical evidence prepared by her and Attorney Barrett was with the intent to deceive and corrupt the *Court Itself,* and, to inflict significant financial damages to the Plaintiff (Errato).

**18.**

Attorney Seder in a conspiracy with her attorney Campbell D. Barrett provided the "Affidavit" to the plaintiff and the Court (Albis M) and at that time they knew its figures were fabricated. "Seder" and "Barrett" claimed, that "some" of the figures on "Seder's" financial affidavit had to be estimated because of their scheme and made up a claim that Attorney Seder did not have credit card statements for one of Errato's credit cards she had use of. They knew that statement was false, a disregard to the truth with their intentions to mislead, and deceive the Court as to the actual facts, to cause significant financial damage to the Plaintiff Errato, and to defile the *Court Itself.*

**19.**

The facts will show that on 12/16/2015 and to date Attorney Seder and Barrett had accurate expenses numbers for Attorney Seder to use in her 10/22/2015 and 12/16/2015 financial affidavits. The accurate expenses figures both Seder and Attorney Barrett had in their possession for weeks and months prior to filing fabricated physical evidence in the form of Seder's Sworn Financial Affidavit. One of the records in Seder and Barrett's possession was from Seder's financial planners she retained to determine her monthly expenses. In addition, there were four (4) additional documents, one or more authored by Seder that proved she knew her actual expenses, months before the fabrication of the physical evidence.

**20.**

During the 12/16/2015 hearing Plaintiff Errato brought to the Court's (Albis) attention how Attorney Seder purchased a residential Condo in West Hartford, CT. He told the Court that her claim of more than $19,000 per month or $4,439 per week of expenses, as listed on her Financial Affidavit, had to be made up and fraudulently created, as there was no bank or any

**COMPLAINT**, page 7 of 17

other lending institution that would grant her a mortgage, based on more than $19,000 per month of expenses.

## 21.

More than a year later after getting Attorney Seder's mortgage application through discovery, confirmed Errato's statement to the Court (Albis) on 12/16/2015 was accurate and that she had to have deceived and outright lied to the lender on her mortgage application. The mortgage application clearly stated that knowingly making false statements on the mortgage application is a Federal crime. This statement is located directly above Attorney Seder's signature on her mortgage application.

## 22.

A review of Attorney Seder's mortgage application signed by her on April 15, 2015, in which she claimed total monthly expenses of just $551, and inclusive of proposed monthly housing expenses of just $2,105.45 for a total of both monthly expenses at just $2,656.45. However, as noted above Attorney Seder along with Attorney Barrett fabricated the expense numbers in her financial affidavit of 12/16/2015 claiming her all-inclusive monthly expenses were $19,220 a difference of $16,563.55.

## 23.

The Court (Albis) ordered Errato to pay Attorney Seder $8,500 per month or $1,963 PW in temporary alimony. Judge Albis believed or intentionally ignored the fabricated expense numbers in Attorney Seder's affidavit, that was acknowledged by Attorney Seder's co-conspirator, Attorney Barrett, claiming the expenses in the Sworn Financial Affidavit of

**COMPLAINT**, page 8 of 17

Attorney Seder were in fact $4,439 Per Week.  The Court (Albis) stripped the Plaintiff Errato of

$8,500 per month or $1,963 per week without regard for the fraudulent and fabrication of

evidence issues raised by the Plaintiff Errato. He denied the Plaintiff Errato, his right to be heard,

right to present evidence, right to call witnesses, right to cross-examine adverse (including

Attorney Barrett) witnesses all in front of an unbiased tribunal.

## 24.

A review of Defendant Attorney Seder's Financial Affidavit date 12/16/15, and if filed with

her actual expenses she had in her possession, it would show she had an income of $2,117 and

actual expenses of $1,697, more than enough income to support herself. Also, her financial

affidavit listed liquidates assets of just short of $1,000,000.

## 25.

The Court (Albis) failed to protect the Plaintiff's (Errato) civil rights to equal protection

under the law.  The failure of the Court (Albis) to protect the integrity of the court, and Errato's

civil rights resulted in the following damages to the Plaintiff Errato: The total weekly income

stated on Attorney Seders financial affidavit was $2,117 add the $1,963 per week Court (Albis)

ordered alimony for a total of $4,080 in weekly "income". The accurate weekly expenses of

Attorney Seder being $1,697, which will be proven at trial, and subtract it from the $4,080 of

"income" resulted in a significant financial windfall, *above her actual expenses for a net gain

(profit) to Attorney Seder of $2,383 per week or $123,916 per year*, and each week going

forward stripped the Plaintiff Errato of more and more of his life saving continuing to date, to the

Plaintiff's Errato complete financial demise.

26.

The importance of the accuracy of a litigant's financial affidavit in a divorce case that is made under oath is well documented in several Connecticut Court cases and is paramount to the overall divorce action as it is the foundation in every divorce case. (See Weinstein v Weinstein 275 Conn. 671, Supreme Court of CT "…A court is entitled to rely upon the truth and accuracy of sworn statements") (See Monroe v. Monroe "Lawyers who represent clients in matrimonial dissolutions have a ***special*** responsibility for full and fair disclosure…honest disclosure between the parties was extended to honest disclosure between the parties ***and the court.***) (See Reville v. Reville (No. 18452 Decided July 08, 2014 "Fraud by nondisclosure…involves the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak, under circumstances in which there is a duty to speak.)"

27.

In fact, Defendant Attorney Barrett in his own words tells the Court (Adelman) in a hearing held on June 26, 2017 just how important it is." Your Honor, I recognize a financial affidavit is a ***sacrosanct document***. I recognize that the oath is serious and that the Court gives a lot of weight to what is written on the financial affidavit, and it is taken under oath, and is ***the cornerstone of virtually every divorce case".***

28.

Attorney Barrett continued following on what he stated in #24 above stating; "What we have

here, however, Your Honor is a unique scenario where, throughout the hearing before Judge

Albis and your honor has the transcript thought-out the hearing, Ms. Seder repeatedly qualified

the information in her financial affidavit by saying, "It's an estimate. I don't have the backup

documentation. I've been using his credit cards (meaning the defendant's credit cards) - for a

substantial period of time. I don't have access to those. I don't know what my expenses are. They

are an estimate." Attorney Barrett's statements made to the Court were completely untrue,

intentionally misleading, and factually wrong to continue to defile the *Court Itself*. The evidence

of this, once presented in the trial will prove it beyond any reasonable doubt.


## 29.


Judge Adelman, as part of a 4-day hearing in 2017 made the following important statements,

the first *being*:" Now Look. When I teach my students in family law, I tell them that the first

obligation is to make sure the financial affidavit is accurate because it is the easiest way for the

other side to attack the credibility of your client."   The second: "I agree. The amount ordered by

Judge Albis ($8,500 per month) was less than what was requested ($9,000 PM), and ***what was***

***requested was less than what would appear to be needed ($19,000+ PM)."***  His second

statement seemed to indicate he had some question as to why would Attorney Seder and

Attorney Barrett ask for less than what appeared to be needed?  Yet he failed on numerous

occasions and with numerous motions filed by the Plaintiff to seek the truth, protect the integrity

of the court, and protect the civil rights of the Plaintiff Errato.


**COMPLAINT**, page 11 of 17

30.

The Plaintiff Errato on July 9, 2018 filed a multipage document that included a motion

seeking a trial be held to address the Plaintiff's Errato claims of Fraud Upon the Court by

Officers of the Court, namely Attorneys Seder, Barrett, Kukucka, and Katz actions. The Court

(Adelman) by not addressing that motion in any legal fashion as should be expected by a judge,

effectively, defiled the *Court Itself*, and failed to protect the civil rights of the Plaintiff Errato.

31.

Judge Adelman failed again to take action to seek out the truth behind the fabricated

physical evidence prepared by and presented to the court by both Attorney Seder and Attorney

Barrett. He denied the Plaintiff Errato, his right to be heard, right to present evidence,

opportunity to present reasons for the proposed action requested, right to call witnesses, right to

cross-examine adverse witnesses all in front of an unbiased tribunal. In spite of his own

statements noted above, and the declaration made by Attorney Barrett as to the importance of the

financial affidavit, he, Attorney Barrett and Attorney Seder failed to act to stop the assault on the

*Court Itself.* Their lack of action resulted in allowing the money damages of more than $8,500

PM inflicted on the Plaintiff Errato to continue adding up into the hundreds of thousands of

dollars against him.

32.

In April of 2019 the divorce trial was completed. On or about August 28, 2019 The Court

(Adelman) issued his Memorandum of Decision. He awarded Attorney Seder $700,000 of which

$250,000 was for her legal fees based on Judge Adelman's claim that the Plaintiff Errato

committed litigation misconduct. He found this award of legal fees because of the number of

**COMPLAINT**, page 12 of 17

times, and legal venues the Plaintiff Errato tried to get an audience to hear the evidence he had

for fraud upon the court by officers of the court committed by the attorney defendants. In

addition, he awarded Attorney Seder $2,500 per month in permanent alimony for life. In his

ruling he stated that Attorney Seder's earning capacity was $15.00 per hour on a 40-hour week.

All of Judge Adelman's actions through out this case failed to provide the procedural due

process, afforded the Plaintiff Errato by the 14th amendment for fair procedures before depriving

the Plaintiff Errato of his (life savings) property. He acted with callous indifference to the

federally protected rights of the Plaintiff Errato, and again defiled the *Court Itself*.


**33.**


The evidence will show how each defendant named above, failed starting in December 16,

2015 forward to provide the Plaintiff Errato, the due process of law protected by the 14th

Amendment to the U.S. Constitution. "No person shall…be deprived of life, liberty, or property,

without due process of law," and is applied to all states by the 14th Amendment. From this basic

principle flow many legal decisions determining both procedural and substantive rights.


**34.**


The named defendants violated the civil rights of the Plaintiff Errato. Their conduct was

motivated by an evil motive and intent and their actions involved a reckless and callous

indifference to the federally protected rights of the Plaintiff Errato.   The Plaintiff Errato, was

entitled to be protected in procedural due process, which is a legal doctrine in the United

States that requires government officials to follow fair procedures before depriving a person


**COMPLAINT**, page 13 of 17

of life, liberty, or property.[1]:657 When the government seeks to deprive a person of one of those interests, procedural due process requires at least for the government to afford the person notice, an opportunity to be heard, and a decision made by a neutral decision maker. Procedural due process is required by the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## 35.

The Fourteenth Amendment promises that all persons in the United States shall enjoy the *"equal protection of the laws."* Attorney Seder, Attorney Barrett and one of more of the other Defendants' actions, as will be proven during the trial, at a minimum also violated two or three State of Connecticut laws. The first is "Connecticut General Statutes **§ 53a-155**- tampering with or fabricating physical evidence. The second is  "Perjury under Connecticut General Statutes §53a-156 involves intentionally making false information under oath. The third "Connecticut General Statutes **§ 53a-119** Larceny**.**

## 36.

The defendants' failed to provide equal protection of the laws depriving the Plaintiff (Errato) of his right to be heard directly on the points, issues and claims he raised countless times by a neutral decision maker. The results were the Plaintiff Errato, being stripped of his property, his entire life savings by the failure of the defendants' to take proper care before unlawfully taking his property violating his civil rights to equal treatment in the legal system.

37.

The U.S. Supreme Court held that "only the most egregious misconduct, such as bribery of a judge or members of a jury, or *the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court"*.

**CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELIEF**

The Court set aside all rulings, findings and judgments' made in the Seder v Errato Family Court Case in Hartford, CT based on Fraud on the Court whereby officers of the court have fraudulently subverted the integrity of the judicial process.

An Order issued directing the defendants to void all of the decisions in the dissolution action to prevent a failure of justice.

An Order issued directing the Hartford CT Superior Court to exercise its functions to prevent a failure of justice; and

38.

Plaintiff re-alleges and incorporate Paragraphs 1-38 as if fully set forth here.

39.

As a direct result of Defendants' actions, Plaintiff has sustained the following damages:  Monetary damages in excess of $6,000,000, and punitive monetary damages as yet to be determined related to the Plaintiff being stripped of all of his liquid assets leaving him unable to pay his mortgage, taxes, life insurance, long term care insurance and other debts that has destroyed his personal credit rating to poor.

## PRAYER FOR RELIEF

**38.**

WHEREFORE, Plaintiff requests the following relief:

-A money award judgment entered against Defendants for $6,000,000 in damages, plus punitive money damages.

-A money award for Plaintiff's costs and disbursements associated with bringing this action.

-Any and all other relief the Court deems just and reasonable under the circumstances.

**DEMAND A TRIAL BY JURY**

Respectfully submitted on:  June 20, 2022

By: _____
Robert M. Errato
*Plaintiff, pro se*
155 Chestnut Lane
Hamden, CT 06518
203-494-5141
boberrato@gmail.com

**COMPLAINT**, page 16 of 17