**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ROBERT M. ERRATO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 3:22-CV-00793 (SVN) |
| v. | : | |
| | : | |
| LAUREN T. SEDER, ET AL. | : | |
| | : | |
| Defendants. | : | |
| | : | AUGUST 12, 2022 |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**</u>

DEFENDANTS CAMPBELL D.
BARRETT, JON T. KUKUCKA,
JOHANNA S. KATZ, and
EDWARD P. McCREERY

David P. Friedman -- #ct03558
dfriedman@murthalaw.com
Lorey Rives Leddy – # ct19297
lleddy@murthalaw.com

Murtha Cullina LLP
107 Elm Street, 11th Floor
Stamford, CT 06902
Telephone:  203-653-5437
Facsimile:   203-653-5444

*Their Attorneys*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................................*iii*

I.     ALLEGATIONS IN THE COMPLAINT ...................................................................2

     A.    Complaint in this Action ..............................................................................2

     B.    Fraud Allegations Repeatedly Raised by Plaintiff Previously in
State Court ...................................................................................................5

     C.    Evidentiary Hearing on Fraud Allegations in Divorce Action ...........................7

     D.    Second Civil Action Commenced....................................................................10

II.    ARGUMENT ........................................................................................................10

     A.    Applicable Legal Standards ..........................................................................10

     B.    Litigation Privilege .....................................................................................12

     C.    Collateral Estoppel.......................................................................................14

     D.    Statute of Limitations...................................................................................20

     E.    Failure to State a Claim against Attorney McCreery.......................................22

III.   CONCLUSION......................................................................................................25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. Yolen*, 2013 WL 12250380 (D. Conn. Dec. 5, 2013)......................................11

*Aetna Cas. & Surety Co. v. Jones*, 220 Conn. 285 (1991)............................................16

*Ankerman v. Mancuso*, 79 Conn. App. 480 (2003), aff'd, 271 Conn. 772 (2004).......................24

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................10

*Bailey v. Interbay Funding, LLC*, 2018 WL 1660553 (D. Conn. April 4, 2018) ........................20

*Beach v. Reg'l Sch. Dist. No. 13*, 42 Conn. App. 542, 551 (1996) ...............................................23

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .........................................................11

*Book v. Mortgage Electronic Registration Systems*, 608 F. Supp.2d 277 (2009).........................16

*Byrne v. Burke*, 112 Conn. App. 262 (2009) ...............................................................20

*Can v. Goodrich Pump & Engine Control Sys., Inc.*,711 F. Supp. 2d 241 (D. Conn. 2010).................................................................................15

*Carnemolla v. Walsh*, 75 Conn. App. 319 (2003) ..........................................................19

*Caro v. Fidelity Brokerage Services*, 2015 WL 1975463 (D. Conn. April 30, 2015)..................11

*Celpaco, Inc. v. MD Papierfabriken*, 686 F. Supp. 983 (D. Conn. 1988) ...............................25

*Chicago Title Ins. Co. v. Bologna*, 2006 WL 3491260 (Conn. Super. Ct. Nov. 9, 2006) ...........23

*Chien v. Skystar Bio Pharm. Co.*, 623 F. Supp. 2d 255 (D. Conn. 2009)...............................15, 20

*Citibank (S. Dakota) N.A. v. Litvyn*, 2010 WL 5610842 (Conn. Super. Ct. Dec. 15, 2010) ........24

*Coke v. Samalot*, 2021 WL 4034168 (D. Conn. Sept. 3, 2021).............................................11, 12

*Collin v. Securi Int'l*, 322 F. Supp. 2d 170 (D. Conn. 2004).......................................................12

*Columbus McKinnon Corp. v. China Semiconductor Co.*, No. CIV-88-211E, 1989 WL 82455 (W.D.N.Y. July 19, 1989) ...............................................................25

*Conopco, Inc. v. Roll Int'l.*, 231 F.3d 82 (2d Cir. 2000) ...............................................15

*Day v. Moscow*, 955 F.2d 807 (2d Cir. 1992)................................................................12

*Deutsche Bank AG v. Sebastian Holdings, Inc.*, 174 Conn. App. 573 (2017), aff'd,
    331 Conn. 379 (2019) ................................................................................16

*Dina v. Cuda & Assocs.*, 950 F. Supp. 2d 396 (D. Conn. 2013) ...................................................12

*In re Dybowski*, 2012 WL 1945503 (Bankr. D. Conn. May 30, 2012)..........................................19

*Foreman v. Hausman*, 1991 WL 209647 (Conn. Super. Ct. Oct. 2, 1991) .................................23

*Galea v. Law Offices of Cary Alan Cliff*, 2021 WL 1090783
    (D. Conn. March 22, 2021)........................................................................10, 12

*Ghartey v. St. John's Queens Hosp.*,869 F.2d 160 (2d Cir. 1989) .........................................12, 20

*Goudis v. Am. Currency Trading Corp.*, 233 F. Supp. 2d 330 (D. Conn. 2002) ........................24

*Grosso v. Biaggi*, 558 F. App'x 36 (2d Cir. 2014)........................................................................11

*Jaeger v. Cellco P'ship*, 936 F. Supp. 2d 87 (D. Conn.),
    aff'd, 542 F. App'x 78 (2d Cir. 2013)....................................................................18

*Kalra v. Adler Pollock & Sheehan, P.C.*, 2022 WL 788507 (D. Conn. Mar. 15, 2022) ...............2

*Kidder v. Read*, 150 Conn. App. 720 (2014) ..............................................................................20

*Krawczyk v. Stingle*, 208 Conn. 239, 246 (1988) ...................................................................22, 23

*Kulak v. City of New York*, 88 F.3d 63 (2d Cir. 1996)..................................................................16

*Lawrence v. The Richman Grp. of Connecticut, LLC*, 2004 WL 2377140 (D.
    Conn. Sept. 30, 2004), aff'd sub nom. *Lawrence v. Richman Grp. of
    Connecticut, LLC*, 199 F. App'x 55 (2d Cir. 2006) ...............................................25

*Lewis v. M&T Bank*, 2022 WL 775758 (2d Cir. Mar. 15, 2022)...................................................11

*McCoy v. Goord*, 255 F. Supp. 2d 233 (D. Conn. 2003) ..............................................................11

*Michaelesco v. Estate of Richard*, 355 F. App'x 572 (2d Cir. 2009)............................................12

*Mills v. Polar Molecular Corp.,* 12 F.3d 1170 (2d Cir. 1993) .....................................................24

*Omotosho v. Freeman Inv. & Loan*, 136 F. Supp. 3d 235 (D. Conn. 2016)..................................12

*Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67 (2d Cir. 1998) ...........................................11

*Pellechia v. OneWest Bank, FSB*, 2013 WL 1131609 (D. Conn. Mar. 18, 2013).........................12

*People's United Bank v. PeoplesBank*, 2009 WL 928641 (D. Conn. Apr. 6, 2009)......................17

*Preisner v. Aetna Casualty and Surety Co.*, 203 Conn. 407 (1987) ............................................19

*Pritsker v. Am. Gen. Life Ins. Co.*, 690 F. App'x 770 (2d Cir. 2017) ......................................20, 21

*Rucci v. Stuart*, 2016 WL 5108046 (Conn. Super. Ct. Aug. 12, 2016) ......................................23

*Seder v. Errato*, 211 Conn. App. 167, cert. denied, 343 Conn. 917 (2022) ................................10

*Simms v. Seaman*, 129 Conn. App. 651 (2011), aff'd, 308 Conn. 523 (2013) .......................13, 23

*Slainte Invs. Ltd. P'ship v. Jeffrey*, 142 F. Supp. 3d 239 (D. Conn. 2015) ............................20, 21

*Spector v. Bd. of Trs. of Community Tech. Colls.*,463 F. Supp. 2d 234
 (D. Conn. 2006) ............................................................................................................12

*State v. Joyner*, 255 Conn. 477 (2001)...............................................................................17

*Stern v. Leucadia Nat. Corp.*, 844 F.2d 997 (2d Cir. 1988) .......................................................25

*Sullivan v. Hyland*, 647 F. Supp.2d 143 (D. Conn. 2009) .................................................12, 19, 20

*Thal v. Berkshire Life Ins. Co.*,1999 WL 200697 (D. Conn. Mar. 24, 1999)...............................20

*United States v. Freeman*, 2022 WL 1156325 (D. Conn. Apr. 18, 2022) .......................................6

*Valle v. Bendett & McHugh, P.C.*, 2015 WL 5797023 (D. Conn. Sept. 30, 2015) ....................1, 2

*Wallace v. Sharp*, 2022 WL 428102 (D. Conn. Feb. 11, 2022).....................................................16

*Walsh v. Law Offices of Howard Lee Schiff, P.C.*, 2012 WL 4372251
 (D. Conn. Sept. 24, 2012) ................................................................................................12

*Weaver v. IndyMac Fed. Bank, FSB*, 2019 WL 4563893 (S.D.N.Y. Sept. 9, 2019) ...................15

*Weldon v. MTAG Services, LLC*,  2017 WL 776648 (D. Conn. Feb. 28, 2017)............................12

*Zanker Grp. LLC v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Pro. Corp.*,
 2008 WL 2756876 (D. Conn. July 14, 2008) .................................................................17, 23

*Zurich Am. Ins. Co. v. Expedient Title, Inc.*, 2015 WL 9165875
 (D. Conn. Dec. 16, 2015)...................................................................................................6

**Statutes & Rules**

42 U.S.C. § 1983...................................................................................................................20

Conn. Gen. Stat. § 52–577.....................................................................................................20

Conn. Conn. Gen. Stat. § 52a-119 .........................................................................................4

Conn. Gen. Stat. § 53a-155 ...........................................................................................4

Conn. Gen. Stat. § 53a-156 ...........................................................................................4

Fed. R. Evid. 201 ...........................................................................................................1

Fed. R. Civ. 9(b) ..................................................................................................2, 24, 25

Fed. R. Civ. 12(b)(6) .............................................................................................. *passim*

Rules of Professional Conduct Rules 3.3, 4.1, 3.4, 4.4 and 8.4(4) ....................6, 23, 24

Pursuant to L. Civ. R. 7(a), Defendants, Attorneys Campbell D. Barrett, Jon T. Kukucka, Johanna S. Katz, and Edward P. McCreery, all current and former attorneys with the law firm of Pullman & Comley LLC, (collectively, the "P&C Defendants"), submit this Memorandum of Law in support of their Motion to Dismiss all counts against them in the Amended Complaint.[1]

Plaintiff, Robert M. Errato ("Plaintiff"), asserts claims against the P&C Defendants arising out of Pullman & Comley's representation of Plaintiff's former spouse, Defendant Lauren Seder, in dissolution proceedings in the Superior Court, State of Connecticut, in the matter entitled *Seder v. Errato*, HHD-FA15-5039554-S, filed by Ms. Seder on May 12, 2015 ("Divorce Action").  More particularly as to the P&C Defendants, Plaintiff asserts claims of fraud on the Connecticut State Court and violation of his constitutional rights based on the filing of two financial affidavits on behalf of Ms. Seder in the Divorce Action in October and December 2015, respectively, which Plaintiff claims led to the award of excessive temporary alimony to Ms. Seder.  Plaintiff brings these claims against the P&C Defendants even though he has already unsuccessfully asserted them before the State Court in the Divorce Action, in which the trial court determined (after a three-day hearing) no fraud had been committed by the P&C Defendants or Ms. Seder.[2]  As to Attorney Barrett, in 2016, these same claims also have been presented to and rejected by the Statewide Grievance Committee.

---

[1] On July 28, 2022, Plaintiff filed an Amended Complaint (Doc. 39) adding Attorney McCreery as a defendant.  Attorney McCreery is Pullman & Comley's General Counsel, but did not participate in the Divorce Action in any way. The P&C Defendants do not oppose the amendment, but instead, they move to dismiss the claims against all of them.

[2] Pursuant to Fed. R. Evid. 201, the Court is authorized to take judicial notice of the pleadings and decisions in the Divorce Action, including those pleadings and decisions specifically referenced in the Amended Complaint, since such pleadings and decisions (i) constitute facts that are not subject to reasonable dispute because they are generally known within the trial court's territorial jurisdiction, and (ii) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned (available on the State of Connecticut judicial website). *See also Valle*

As set forth herein, even if the Court accepts all the allegations in the Amended

Complaint as true, draws all reasonable inferences in favor of the Plaintiff, and otherwise gives

every benefit of doubt to the Plaintiff, who is acting *pro se* in this matter, the claims asserted

against all four of the P&C Defendants must be dismissed for failure to state a legally cognizable

claim based on (i) the absolute litigation privilege as recognized under Connecticut law, (ii) the

application of collateral estoppel, which bars Plaintiff from relitigating these claims, and (iii) the

running of the three-year statute of limitations as to any tort claims, state or federal, against the

P&C Defendants.  In addition, the claims against Attorney McCreery must be dismissed under

Rule 12(b)(6) for failure to state a claim on the grounds, as a matter of law, that (i) he had no

duty or obligation to Plaintiff, a non-client, (ii) alleged violations of his ethical obligations do not

give rise to a cause of action, and (iii) under Fed. R. Civ. P. 9(b), the allegations of fraud or

conspiracy to commit fraud, pleaded on information and belief, are legally deficient. The claims

in the Amended Complaint against the P&C Defendants must, accordingly, be dismissed in their

entirety with prejudice.

## I.   ALLEGATIONS IN THE COMPLAINT

### A.   Complaint in this Action

Plaintiff alleges this Court has federal question jurisdiction over the claims in the

Amended Complaint based on his allegations that his rights under the United States Constitution

have been violated as a result of the defendants' collective "fraud on the court."  Amended

---

*v. Bendett & McHugh, P.C.*, 2015 WL 5797023, at **13-15 (D. Conn. Sept. 30, 2015) (in
considering motion to dismiss, court takes judicial notice of records and pleadings in action
pending in Connecticut Superior Court); *Kalra v. Adler Pollock & Sheehan, P.C.*, 2022 WL
788507, at *5 (D. Conn. Mar. 15, 2022) (same). For the Court's convenience, those pleadings
specifically relevant to this Motion to Dismiss have been submitted herewith as exhibits to the
Affidavit of Lorey Rives Leddy ("Leddy Affidavit").

Comp. (Doc. 39), ¶ 1.  With respect to the P&C Defendants, Plaintiff alleges that at all times, Attorneys Barrett, Kukucka and Katz, as members of the family law group of Pullman & Comley, represented Ms. Seder opposite Plaintiff in the parties' Divorce Action.  *Id.,* ¶ 2. In addition, Plaintiff asserts allegations against Attorney McCreery, in his capacity as a partner and the General Counsel of Pullman & Comley, on the grounds that Attorney McCreery was aware of the purported misconduct by his colleagues and did not take any steps to stop it or notify others of the purported fraud.  *Id.*, at ¶¶ 3-4.  Plaintiff does not allege that any of the P&C Defendants is a state actor; however, Plaintiff has named the Superior Court judges involved with the Divorce Action as co-defendants in this Action.  *Id.*, at ¶¶ 5-7.

Plaintiff alleges the misconduct by the P&C Defendants occurred in 2015, when he contends Attorney Barrett and Ms. Seder "conspired together and on October 22, 2015, filed with the Family Court … [Ms.] Seder's Sworn Financial Affidavit with fabricated evidence, namely expenses." *Id.*, at ¶ 18.  Plaintiff does not state how Attorneys Kukucka or Katz were involved in this alleged misconduct.  Plaintiff continues that Attorney Barrett and Ms. Seder "conspired again, and on December 16, 2015 filed with the Family Court … [Ms.] Seder's second Sworn Financial Affidavit with fabricated expense numbers." *Id.*, at ¶ 19.  Plaintiff alleges Attorney Barrett and Ms. Seder thereafter submitted the subject financial affidavits (the "2015 Financial Affidavits") to the Court as evidence, and that Ms. Seder testified about her financial status, during a hearing on pendente lite alimony support which took place on December 16, 2015, before the Hon. Michael A. Albis. *Id.*, at ¶¶ 20-23.  As a result of the allegedly false information on those financial affidavits and in Ms. Seder's testimony at the hearing, Plaintiff alleges Judge Albis entered temporary support orders in favor of Ms. Seder that Plaintiff believes are excessive and calculated utilizing false and deceptive figures on the

3

financial affidavits.  *Id.*, at ¶ 27.

Plaintiff states clearly in the Amended Complaint that, beginning in the December 16, 2015 hearing itself, Plaintiff repeatedly raised his concerns over the purportedly fraudulent expense information in the 2015 Financial Affidavits and in Ms. Seder's testimony in support of Judge Albis's temporary support orders.  "Plaintiff Errato raised this issue to the Court (Albis) how the expense numbers had to be 'fraudulent and fabricated.'" *Id.*, at ¶ 20.  "During the 12/16/2015 hearing Plaintiff Errato brought to the Court's (Albis) attention how Attorney Seder purchased a residential Condo in West Hartford, CT.  He told the Court that her claim of more than $19,000 per month or $4,439 per week of expenses, as listed on her Financial Affidavit, had to be made up and fraudulently created…" *Id.*, at ¶ 24.  According to Plaintiff, as a result of the conduct of Ms. Seder and her attorneys in 2015 (which Plaintiff also contends violated Conn. Gen. Stat. §§ 53a-155, 53a-156 and 52a-119), he has been deprived of his constitutional rights to have the issue of alleged fraud determined before a "neutral decision maker." *Id.*, at ¶ 38.

Plaintiff contends further that, in 2017, "on information and belief," Attorney McCreery was notified of the alleged misconduct by Attorneys Barrett, Kukucka and Katz in connection with Pullman & Comley's representation of Ms. Seder in the submission of the 2015 Financial Affidavits and the December 16, 2015 temporary support hearing. *Id.*, at ¶ 3. According to Plaintiff, by failing to make the court, opposing counsel and self-represented parties aware of the alleged misconduct after being notified in 2017, Attorney McCreery also purportedly violated Plaintiff's civil rights. *Id.*, at ¶ 4.

Based on these same allegations, Plaintiff also asserts his claims against four Superior Court judges who presided over various proceedings in the Divorce Action.  *Id.*, at ¶¶ 5, 17, 27, 29, 34-36.  Plaintiff appears to seek injunctive relief in the form of orders vacating "all rulings,

findings and judgments" in the Divorce Action (*id.*, at Claims for Relief), and an award of damages of at least $6,000,000.00 (*id.*, at ¶¶ 43-44).

**B.      Fraud Allegations Repeatedly Raised by Plaintiff Previously in State Court**

Relevant to this Motion to Dismiss are the numerous pleadings Plaintiff filed in the Divorce Action, and Plaintiff's filing of separate civil actions and grievances, based on the 2015 Financial Affidavits and the December 16, 2015 hearing. Immediately after Judge Albis issued the temporary support orders, Plaintiff began a campaign of claiming Ms. Seder and her counsel had engaged in "fraud on the court" based on the filing of the 2015 Financial Affidavits and Ms. Seder's testimony. In the Divorce Action, Plaintiff filed a Motion for New Trial or to Open or Set Aside Alimony Pendente Lite Judgment (Dkt. No. 138.06), dated March 28, 2016, and a Motion to Reargue Decision of the Court in its Award of Alimony Pendente Lite (Dkt. No. 142.01) dated, April 11, 2016, each of which reiterates Plaintiff's contentions that the 2015 Financial Affidavits submitted by Ms. Seder, and her testimony at the December 16, 2015 hearing, constituted a fraud on the court. True and accurate copies of these motions are appended to the Leddy Affidavit as ***Exhibits 1 and 2***.[3]  Each of these motions was summarily denied by the trial court. Plaintiff also filed an interlocutory appeal of Judge Albis's decision (AC 38779), which was dismissed by the Appellate Court when Plaintiff failed to timely file a brief.

In addition, on February 2, 2016, Plaintiff filed a grievance against Attorney Barrett (and Ms. Seder, who is also a member of the Connecticut bar) with the Connecticut Statewide Grievance Committee based on the exact same allegations he presented to Judge Albis. A true

---

[3] As set forth above, the Court can take judicial notice of the pleadings and orders in the Divorce Action.

and accurate copy is appended to the Leddy Affidavit as ***Exhibit 3***.[4] On May 18, 2016, the panel of the Statewide Grievance Committee issued a decision dismissing the complaint against Attorney Barrett after finding no probable cause of misconduct, particularly with respect to Rules 3.3, 4.1, 3.4, 4.4 and 8.4(4) of the Rules of Professional Conduct.  A true and accurate copy of the Dismissal is appended to the Leddy Affidavit as ***Exhibit 4***.

Unsatisfied with the outcome of these efforts, in April 2016, Plaintiff also commenced the first of two civil actions in the Superior Court, Judicial District of New Haven.  In this first action, entitled *Errato v. Seder*, Docket No. NNH-CV16-5036696-S, Plaintiff asserted claims against Ms. Seder in which Plaintiff also included substantial allegations against Attorney Barrett that together, he and Ms. Seder had conspired to commit fraud and perjury in connection with the filing of the 2015 Financial Affidavits and the December 16, 2015 hearing.  A true and accurate copy of the complaint in this first civil action is appended to the Leddy Affidavit as ***Exhibit 5***.

Plaintiff then utilized the commencement of the 2016 lawsuit containing allegations against Attorney Barrett as the premise for filing a motion to disqualify Pullman & Comley in the Divorce Action. Specifically, on April 6, 2016, Plaintiff filed a Motion to Have Court Order Attorney Campbell Barrett to Re-Cues [sic] Himself and His Firm From Representing the Plaintiff Lauren T. Seder (Dkt. No. 142.00), in which he contended Attorney Barrett and Pullman & Comley had to be disqualified from continued representation of Ms. Seder in the Divorce Action because Attorney Barrett would likely be called as a witness in the civil action and since Plaintiff also would likely add Attorney Barrett as a defendant in the civil action.  A

---

[4] The Court can take judicial notice of the complaint filed by Plaintiff in the grievance. *See Zurich Am. Ins. Co. v. Expedient Title, Inc.*, 2015 WL 9165875, at *10 (D. Conn. Dec. 16, 2015); *United States v. Freeman*, 2022 WL 1156325, at *7 n.12 (D. Conn. Apr. 18, 2022) (court may take judicial notice of documents filed with and issued by the Statewide Grievance Committee as evidence that such documents were filed or issued.

true and accurate copy of the Motion is appended to the Leddy Affidavit as ***Exhibit 6***.  This case appears to have ultimately been withdrawn.

### C.   <u>Evidentiary Hearing on Fraud Allegations in Divorce Action</u>

Plaintiff thereafter filed a Motion to Modify Pendente Lite Support (Dkt. No. 189.00, September 14, 2016).  A true and accurate copy of the Motion to Modify is appended to the Leddy Affidavit as ***Exhibit 7***.  Again, Plaintiff asserted "[t]he material contained in said [2015] financial affidavit was grossly inaccurate at best and fraudulent at worst," and that, "[b]ased upon the misleading information contained in the December 16, 2015 financial affidavit, [Errato] was ordered to pay $1,962.00 per week in support, which number exceeded the income shown on [Errato's] financial affidavit."  *Id.*, at 1.  Plaintiff concluded that he was entitled to a downward modification of the temporary support orders because the existing award was "very unfair and was obtained through fraud and deceit."  *Id.*

As referenced in the Amended Complaint, a three-day contested hearing on Plaintiff's Motion to Modify was held in May and June 2017 before the Hon. Gerard I. Adelman, at which Plaintiff was provided a full and fair opportunity to litigate his allegations regarding the 2015 financial affidavits and the purported fraud on the court by Attorney Barrett and Ms. Seder. Amended Comp., at ¶¶ 31-33.  Judge Adelman denied Plaintiff's request to modify his support obligations in a decision issued on June 29, 2017. A true and accurate copy of Judge Adelman's Memorandum of Decision (Dkt. No. 374.00) ("June 2017 Decision") is appended to the Leddy Affidavit as ***Exhibit 8***.

In the June 2017 Decision, Judge Adelman addressed Plaintiff's Motion to Modify, which contained the exact same allegations of fraud from 2015 that Plaintiff had repeatedly raised in motions in the Divorce Action, in the grievance complaint and in the first civil action.

Judge Adelman chronicled Plaintiff's efforts to have the 2015 temporary support orders reversed and vacated. *Id.*, at pp. 3-4. Judge Adelman confirmed that Errato "alleges much of what he has been arguing in all of the prior motions, his civil lawsuit and his appeal. His pleading alleges the plaintiff's financial affidavit was 'grossly inaccurate at best and fraudulent at worst' and that the order of the court was 'very unfair and obtained through fraud and deceit.'" *Id.*, at p. 5.

Judge Adelman summarized the evidence presented at the hearing, along with the applicable legal standards on a motion to modify support, before making the following factual and legal determinations specifically addressing Plaintiff's fraud claims based on the 2015 financial affidavits and Ms. Seder's testimony:

> The court, therefore, is limited to decide [Errato's] motion on his allegation of fraud … It is abundantly clear that even if there was fraud on the part of the plaintiff in the filing of her financial affidavit and her testimony before the court in December 2015, [Errato] never relied on any of her information. He questioned her at length on the accuracy of her information and called into question many of the amounts she cited in her financial affidavit. [Ms. Seder], at the hearing, admitted many times that her figures were estimates and not firm amounts. She testified that she lacked access to some of [Errato's] credit card statements once the interim support agreement went into effect and she was basing various amounts on past experiences. The court even stopped [Errato's] cross-examination at one point and reminded [Errato] that [Seder's] testimony was that many of her figures were estimates. The defendant's claim of fraud was raised by him in his prior motions as well. *There was no fraud on the part of [Ms. Seder] and there was no reliance on any alleged fraud by [Errato].* The prior courts were well aware of [Errato's] allegations both at the original hearing and during the subsequent pleadings. Although the allegations have been raised in this hearing in a more organized manner and perhaps in greater detail, nothing new of significance has been raised at this hearing. *Fraud has not been established by [Errato]* and no other grounds for modification have been plead.

*Id.*, at pp. 6-7.  Judge Adelman held a full, contested hearing and resolved the issue, once and for all, of whether Ms. Seder, individually and through her counsel, engaged in fraud through the filing of the 2015 financial affidavits and her testimony at the December 16, 2015 hearing. After a three-day contested, evidentiary hearing, the court determined no fraud took place. Plaintiff did

not appeal this decision.

Even after Judge Adelman issued the June 2017 Decision conclusively determining that no fraud had been committed by Ms. Seder or her attorneys, Plaintiff filed a Motion for Sanctions in the Divorce Action (Dkt. No. 436.00), dated November 13, 2017, seeking sanctions against Ms. Seder and her attorneys "on the basis that [Ms. Seder's] testimony at the December 16, 2015 hearing was knowingly false and based on fabricated 'evidence' in her sworn financial affidavit submitted on or about that date and it constituted perjury. Her attorneys knew or should have known her testimony and affidavit were false, and they failed to correct such perjury." Motion for Sanctions, at 1.  The Motion for Sanctions was apparently withdrawn by Plaintiff in February 2018. A true and accurate copy of the Motion for Sanctions is appended to the Leddy Affidavit as *Exhibit 9*.

Subsequently, on June 9, 2018, Plaintiff filed a lengthy Motion for Mistrial (Dkt. No. 500.00) in the Divorce Action based, again, on the same allegations of fraud on the court by Ms. Seder and her attorneys in 2015, asserting that "[Ms.] Seder and her Attorney Campbell Barrett have now had more than ***1000 days*** to disclose to the Court the many frauds, the fabrication of evidence, the perjury and suborning perjury committed by them, as officers of the Court" (emphasis in original). June 8, 2018 Motion for Mistrial, at 1.  A true and accurate copy of the Motion for Mistrial is appended to the Leddy Affidavit as *Exhibit 10*.

Despite Plaintiff's continued efforts to raise these same fraud allegations to derail the Divorce Action, even after a full evidentiary hearing on the issue in May and June 2017, Judge Adelman issued a Memorandum of Decision and a judgment dissolving the parties' marriage (Dkt. No. 565.00), dated August 29, 2019, after nineteen days of trial. A true and accurate copy of the Memorandum of Decision is appended to the Leddy Affidavit as *Exhibit 11*.  Plaintiff

appealed Judge Adelman's decision, and on March 15, 2022, the Appellate Court issued its decision affirming the judgment. *See Seder v. Errato*, 211 Conn. App. 167, cert. denied, 343 Conn. 917 (2022).

      **D.**    **Second Civil Action Commenced**

In August 2018, Plaintiff commenced a second civil action in the Superior Court, Judicial District of New Haven, entitled *Errato v. Seder et al.*, Docket No. NNH-CV18-5043839-S. In this civil action, in addition to Ms. Seder, Plaintiff named Attorneys Barrett, Kukucka and Katz as defendants. The complaint in this second civil action, again, is premised on the exact same alleged "fraud upon the court by officers of the court," and contains the identical allegations regarding the 2015 Financial Affidavits, Ms. Seder's related testimony and Judge Albis's decision regarding temporary support. A true and accurate copy of the 2018 complaint in the second civil action is appended to the Leddy Affidavit as ***Exhibit 12***. This second civil action was withdrawn voluntarily by Plaintiff on November 30, 2018.

**II.**    **ARGUMENT**

      **A.**    **Applicable Legal Standards**

"The function of a motion to dismiss brought under Rule 12(b)(6) is 'to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Galea v. Law Offices of Cary Alan Cliff*, 2021 WL 1090783, at *3 (D. Conn. March 22, 2021) (quoting *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984).

A court considering a motion to dismiss under Rule 12(b)(6) must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the Plaintiff, and decide whether it is plausible that Plaintiff has a valid claim for relief. *Ashcroft v. Iqbal*, 556

U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "In addressing the sufficiency of a complaint [the court must] accept as true all factual allegations and draw from them all reasonable inferences; but [the court is] not required to credit conclusory allegations or legal conclusions couched as factual ... allegations." *Caro v. Fidelity Brokerage Services*, 2015 WL 1975463, at *9 (D. Conn. April 30, 2015) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Although generally, the Court is confined on a motion to dismiss to review the facts as alleged in the four corners of the complaint, the Court "also may consider 'matters of which judicial notice may be taken.'" *Coke v. Samalot*, 2021 WL 4034168, at *4 (D. Conn. Sept. 3, 2021) (quoting *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). Where, as here, the plaintiff is a *pro se* litigant, the Second Circuit requires "reading *pro se* complaints with 'special solicitude' and interpreting them to raise the "strongest [claims] that [they] suggest[ ]," *Grosso v. Biaggi*, 558 F. App'x 36 (2d Cir. 2014) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir.2011)).

In resolving a motion under Rule 12(b)(6), "[d]ismissal is appropriate 'when a defendant raises ... an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Lewis v. M&T Bank*, 2022 WL 775758, at *1 (2d Cir. Mar. 15, 2022) (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)). "An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998); *McCoy v. Goord*, 255 F. Supp. 2d 233, 249 (D. Conn. 2003); *Adams v. Yolen*, 2013 WL 12250380, at *2 (D. Conn. Dec. 5, 2013).

This principle applies to each of the grounds asserted herein by the P&C Defendants for dismissal of the claims against them, including the affirmative defenses of (i) the litigation privilege (*Coke*, 2021 WL 4034168, at **6-7), (ii) collateral estoppel (*see Michaelesco v. Estate of Richard*, 355 F. App'x 572, 573 (2d Cir. 2009); *Sullivan v. Hyland*, 647 F. Supp.2d 143, 152 (D. Conn. 2009); *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992), and (iii) the statute of limitations (*see Galea*, 2021 WL 1090783, at *7; *Collin v. Securi Int'l*, 322 F. Supp. 2d 170, 172 (D. Conn. 2004); *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989)).

### B.    Litigation Privilege

Federal courts in Connecticut routinely apply the State's litigation privilege to dismiss claims against attorneys premised on representations made or conduct engaged in in underlying state court litigation.  *See Weldon v. MTAG Services, LLC*, 2017 WL 776648, at *10 (D. Conn. Feb. 28, 2017); *Omotosho v. Freeman Inv. & Loan*, 136 F. Supp. 3d 235, 250–51 (D. Conn. 2016); *Pellechia v. OneWest Bank, FSB*, 2013 WL 1131609, at *3 (D. Conn. Mar. 18, 2013). "It is black letter law in Connecticut that, 'there is an absolute privilege for statements made in judicial proceedings.'" *Spector v. Bd. of Trs. of Community Tech. Colls.*, 463 F. Supp. 2d 234, 255 (D. Conn. 2006) (quoting *Petyan v. Ellis*, 200 Conn. 243, 245 (1986)).  The privilege applies to any "communications uttered or published in the course of judicial proceedings ... so long as they are in some way pertinent to the subject of the controversy." *Dina v. Cuda & Assocs.*, 950 F. Supp. 2d 396, 407 (D. Conn. 2013) (quoting *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp. 2d 311, 337 (D. Conn. 2012)).  "It is well settled that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy .... The privilege applies also to statements made in pleadings or other documents prepared in connection with a court proceeding." *Walsh v. Law*

*Offices of Howard Lee Schiff, P.C.*, 2012 WL 4372251, at *7 (D. Conn. Sept. 24, 2012) (quoting *Derisme v. Hunt Leibert Jacobson P. C.*, 2012 WL 3000386, at * 16 (D. Conn. July 23, 2012).

With respect to claims Plaintiff has alleged in the Amended Complaint, the Connecticut Supreme Court has definitively held that, under Connecticut law, "attorneys are protected by the litigation privilege against claims of fraud for their conduct during judicial proceedings." *Simms v. Seaman*, 308 Conn. 523, 569 (2013). Indeed, the *Simms* decision, in which the Connecticut Supreme Court addressed allegations virtually identical to the allegations in the Amended Complaint in this case, is dispositive of Plaintiff's claims against the P&C Defendants.

In *Simms*, the plaintiff sued his ex-wife's attorneys for fraud and intentional infliction of emotional distress on the grounds that the attorneys had concealed the former wife's true financial condition in proceedings to modify her support award, specifically, by not including a six-figure inheritance on the former wife's financial affidavit. 308 Conn. at 527. The court in the dissolution action determined this information had been improperly concealed from the court and the plaintiff. *Id.* Based on this alleged misconduct, the plaintiff filed a separate civil action in the Superior Court against his ex-wife's attorneys claiming he had suffered damages as a result of their fraud. *Id.*, at 528.

The attorney defendants moved to strike all counts against them, claiming absolute immunity. The trial court granted the motion to strike, "concluding that such claims against attorneys for conduct that occurred during judicial proceedings were barred as a matter of law by the doctrine of absolute immunity." *Id.* On appeal, the Appellate Court affirmed in a split decision, leading the Supreme Court to address the question: "Did the Appellate Court properly determine that claims of fraud and intentional infliction of emotional distress brought against attorneys for conduct that occurred during judicial proceedings were barred as a matter of law by

the doctrine of absolute immunity?" *Id.*, at 529.  After reviewing the history of, and policy reasons for, the litigation privilege, the Supreme Court concluded that "attorneys are shielded by the litigation privilege from claims of fraud." *Id.*, at 545.  The litigation privilege applies even in cases like *Simms* where counsel for the ex-wife "deliberately concealed material evidence from the [ex-husband] and incorrectly portrayed [the] former spouse as economically disadvantaged." *Id.*, at 546.

In this case, as set forth above, Plaintiff has repeatedly asserted, for nearly seven years, in numerous motions in the Divorce Action, in two separate state court civil actions and in grievance complaints, that Ms. Seder and her attorneys engaged in fraud upon the court by filing the purportedly "false" 2015 Financial Affidavits and offering Ms. Seder's testimony at the December 16, 2015 hearing.  Significantly, unlike the trial court in *Simms*, the court in the Divorce Action in this case specifically determined, after a contested hearing on Plaintiff's allegations, that no fraud had occurred (*see* ***Exhibit 8***, June 2017 Decision). The Statewide Grievance Committee likewise dismissed Plaintiff's complaint against Attorney Barrett (and against Ms. Seder) for lack of probable cause (*see* ***Exhibit 4***, May 18, 2016 Panel Decision).  If the trial court in *Simms* dismissed the claims as barred by the litigation privilege, even after finding the ex-wife's attorneys may have engaged in misconduct, then here, where the court has found the opposite – that no misconduct has taken place – the litigation privilege most certainly protects the P&C Defendants from liability.  As such, the claims against the P&C Defendants must be dismissed with prejudice.

### C.    Collateral Estoppel

In addition to the absolute immunity conferred by the litigation privilege, the doctrine of collateral estoppel likewise bars Plaintiff's claims against all the P&C Defendants.  The Court is

authorized, under well-settled Second Circuit law, to apply collateral estoppel in dismissing

claims on a Rule 12(b)(6) motion. "Even though a plaintiff's factual allegations must be accepted

as true and all reasonable inferences drawn in the plaintiff's favor on a motion to dismiss

pursuant to Rule 12(b)(6), collateral estoppel will nonetheless bar a plaintiff's claim when the

plaintiff's 'factual allegations have been decided otherwise in previous litigation.'" *Weaver v.

IndyMac Fed. Bank, FSB*, 2019 WL 4563893, at \*9 (S.D.N.Y. Sept. 9, 2019) (quoting

*Poindexter v. Cash Money Records*, 2014 WL 818955, \*3 (S.D.N.Y. Mar. 3, 2014)); *see also

Conopco, Inc. v. Roll Int'l.,* 231 F.3d 82, 86–87 (2d Cir. 2000) (when a defendant raises the

affirmative defense of res judicata or collateral estoppel "and it is clear from the face of the

complaint ... that the plaintiff's claims are barred as a matter of law," dismissal under Fed. R.

Civ. P. 12(b)(6) is appropriate).

   "On a motion to dismiss under Rule 12(b)(6), judicial notice may be taken of other

judicial documents that might provide the basis for issue preclusion." *Can v. Goodrich Pump &

Engine Control Sys., Inc.*, 711 F. Supp. 2d 241, 246 (D. Conn. 2010); *see also Chien v. Skystar

Bio Pharm. Co.*, 623 F. Supp. 2d 255, 260 n. 3 (D. Conn. 2009) ("a court may judicially notice

prior pleadings, orders, judgments, and other items appearing in the court records of prior

litigation that are related to the case before the Court."). In this case, Judge Adelman conducted

an evidentiary hearing on Plaintiff's allegations and determined in the June 2017 Decision that

no fraud had been committed in connection with the submission of the 2015 Financial Affidavits

or Ms. Seder's testimony at the December 16, 2015 hearing. This conclusion precludes Plaintiff

from raising these identical claims again in this Action.

   "Collateral estoppel, or issue preclusion… provides that 'once a court has decided an

issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue

in a suit on a different cause of action involving a party to the first case.'" *Book v. Mortgage Electronic Registration Systems*, 608 F. Supp.2d 277, 286 (2009) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994)). When determining the preclusive effect of a state court judgment, a court must apply the preclusion law of the rendering state. *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996).

Under Connecticut law, collateral Estoppel bars the re-litigation of an issue if a party meets three requirements: "[1] the issue must have been fully and fairly litigated in the first action, [2] it must have been actually decided, and [3] the decision must have been necessary to the judgment." *Deutsche Bank AG v. Sebastian Holdings, Inc.*, 174 Conn. App. 573, 587 (2017), aff'd, 331 Conn. 379 (2019). "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." *Wallace v. Sharp*, 2022 WL 428102, at *10 (D. Conn. Feb. 11, 2022) (quoting *Lafayette v. Gen. Dynamics Corp./Elec. Boat Div.*, 255 Conn. 762, 772 (2001)).  Additionally, "for collateral estoppel to bar the relitigation of an issue in a later proceeding, the issue concerning which relitigation is sought to be estopped must be identical to the issue decided in the prior proceeding." *Wallace v. Sharp*, 2022 WL 428102, at *10 (quoting *New England Estates, LLC v. Town of Branford*, 294 Conn. 817, 839 (2010)).

An issue has been fully and fairly litigated if the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate that issue in the prior proceeding.  *Aetna Cas. & Surety Co. v. Jones*, 220 Conn. 285, 306 (1991). Critical to the P&C Defendants' collateral estoppel defense, in September 2016, Plaintiff filed his Motion to Modify the pendente lite support order, claiming again that the temporary order entered by Judge Albis after the December 16, 2015 hearing had been entered based on the fraudulent financial affidavits

submitted by Ms. Seder and her counsel.  Over three days in May and June 2017 in the Divorce

Action, Judge Adelman held a full, evidentiary hearing on the precise same set of allegations

raised again by Plaintiff in this Action. At the hearing, Plaintiff was represented by counsel, was

allowed to cross-examine witnesses, and was able to present all his evidence that fraud had been

committed in 2015.  *See* June 2017 Decision, ***Exhibit*** 8, at pp. 6-7; *see also People's United*

*Bank v. PeoplesBank*, 2009 WL 928641, at *2 (D. Conn. Apr. 6, 2009) (where party had full and

fair opportunity to raise arguments in briefs and at argument, the matter was deemed actually

litigated for preclusion purposes).

Regarding the second requirement, "[a]n issue is actually litigated if it is properly raised

in the pleadings or otherwise, submitted for determination, and in fact determined." *State v.*

*Joyner*, 255 Conn. 477, 490 (2001). In this case, Plaintiff rested his entire September 2016

Motion to Modify on allegations that the temporary support order was obtained through fraud

committed by Ms. Seder and her attorneys. Even a cursory review of the allegations in the

Motion to Modify demonstrates that the fraud issue as alleged in the Amended Complaint in this

Action was fully presented to the court in the Divorce Action and, after the three-day contested

hearing, Judge Adelman made clear in the June 2017 Decision that he was specifically resolving

Plaintiff's fraud allegations to determine whether those allegations constituted a basis for

modifying the existing support orders.  *See **Exhibit 8***, at pp. 3-5.

Third, "[a]n issue is necessarily determined if, in the absence of a determination of the

issue, the judgment could not have been validly rendered." *Id.; see also See Zanker Grp. LLC v.*

*Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Pro. Corp.*, 2008 WL 2756876, at *4 (D. Conn.

July 14, 2008).  Here, since the fraud allegations formed the only basis for Plaintiff's request for

a downward modification of his support obligation, Judge Adelman's conclusion – that no fraud

was perpetrated in 2015 by Ms. Seder and her counsel – was necessary to the court's ultimate determination that Plaintiff failed to demonstrate a modification of the temporary support orders was warranted, leaving the temporary orders in place. To conclude a downward modification was not warranted, Judge Adelman had to evaluate the fraud allegations and determine that fraud either did or did not occur. As reflected in the June 2017 Decision, Judge Adelman considered the evidence Plaintiff presented and nonetheless concluded Ms. Seder and her attorneys had not committed fraud.  *Id.*, at pp. 6-7.

Finally, there is no question that the issue presented by Plaintiff to Judge Adelman in the hearing on Plaintiff's Motion to Modify is identical to the issue raised in this case.  In comparing the allegations asserted by Plaintiff in the Amended Complaint in this Action to the findings made in the June 2017 Decision, Judge Adelman clearly adjudicated the exact same issue underlying the claims now asserted in this Action – whether Ms. Seder and her attorneys committed fraud on the court in connection with the 2015 Financial Affidavits and the December 16, 2015 hearing. While Plaintiff goes to great lengths to dress up his claims in this Action by asserting them as violations of his constitutional rights, underlying those constitutional claims are the identical fraud allegations Plaintiff has been pursuing for nearly seven years.  *See Jaeger v. Cellco P'ship*, 936 F. Supp. 2d 87, 97 (D. Conn.), aff'd, 542 F. App'x 78 (2d Cir. 2013) (collateral estoppel barred plaintiff from asserting constitutional claims premised on same issues already litigated and necessarily determined in prior federal lawsuit); *Can*, 711 F. Supp. 2d at 248 (collateral estoppel bars second action where "side-by-side comparison" of pleadings in two actions "reveals that, on the face of the pleadings, these actions are virtually identical").

For purposes of collateral estoppel, Judge Adelman's 2017 June Decision, in which he unequivocally found Ms. Seder and her attorneys did not engage in any fraud, is a binding, final

decision on the merits of the claims Plaintiff attempts to assert again before this Court. Whether or not Plaintiff raised the issue of the temporary support orders on appeal of the final dissolution judgment is irrelevant to the determination that collateral estoppel bars Plaintiff's claims in this Action: Connecticut courts have held that a trial court judgment is final, despite a pending appeal in so far as the applicability of res judicata and collateral estoppel is concerned. *See Preisner v. Aetna Casualty and Surety Co.*, 203 Conn. 407, 414 (1987) ("Because collateral estoppel is a much narrower aspect of res judicata, and a pending appeal does not preclude the application of res judicata, we conclude that the plaintiff's pending appeal in the criminal action did not preclude the defensive application of collateral estoppel in the civil action."); *Carnemolla v. Walsh*, 75 Conn. App. 319, 327 (2003) (same); *In re Dybowski*, 2012 WL 1945503, at *10 (Bankr. D. Conn. May 30, 2012) (same); *Sullivan*, 647 F. Supp. 2d at 173 (same).  In sum, because the identical issue of alleged fraud by Ms. Seder and her attorneys in connection with the submission of the 2015 Financial Affidavits and the December 16, 2015 temporary support hearing was fully and fairly litigated in the Divorce Action, was actually litigated, and was necessary to Judge Adelman's decision denying Plaintiff's Motion to Modify, collateral estoppel bars Plaintiff from relitigating his fraud claims, and the claims must be dismissed with prejudice.

Collateral estoppel also bars Plaintiff's claims against Attorney McCreery for his alleged conduct in 2017. Based on Judge Adelman's finding that no fraud took place in connection with the 2015 temporary support hearing, Plaintiff cannot state a claim against Attorney McCreery for failing to take steps in 2017 either to stop the purported fraud or to notify others of the purported fraud when no fraud occurred.  Again, Plaintiff is collaterally estopped from asserting his claims of fraud against Attorney McCreery, and the claims must be dismissed with prejudice.

### D.   <u>Statute of Limitations</u>

Plaintiff's claims against the P&C Defendants also must be dismissed as barred by the applicable three-year statute of limitations. "Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss." *Ghartey*, 869 F.2d at 162.

Whether the Court interprets Plaintiff's claims as state law claims for fraud or conspiracy or federal claims for civil rights violations under 42 U.S.C. § 1983, a three-year statute of limitations applies. Under Connecticut law, "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Conn. Gen. Stat. § 52–577. Further, "it is well established under Connecticut law that common law claims for fraud are subject to the three-year limitations period of Conn. Gen. Stat. § 52–577." *Thal v. Berkshire Life Ins. Co.*, 1999 WL 200697, at *4 (D. Conn. Mar. 24, 1999). Common law claims for fraud or civil conspiracy are both subject to the three-year statute of limitations. *See Bailey v. Interbay Funding, LLC*, 2018 WL 1660553, at *4 (D. Conn. April 4, 2018) (citing Conn. Gen. Stat. § 52-577); *Chien*, 2018 WL 4188447, at *4. Even if the Court treats Plaintiff's claims as arising under 42 U.S.C. § 1983, "[t]he law is well-settled that constitutional violations under § 1983 must be brought within Connecticut's statute of limitations for tort claims." *Sullivan*, 647 F. Supp. 2d at 157 (citing *Walker v. Jastremski*, 430 F.3d 560, 561 (2d Cir. 2005).

Finally, Conn. Gen. Stat. § 52-577 is a statute of repose which begins to run on "the date of the act or omission complained of, not the date when the plaintiff first discovers an injury." *Byrne v. Burke*, 112 Conn. App. 262, 272 (2009); *see also Slainte Invs. Ltd. P'ship v. Jeffrey*, 142 F. Supp. 3d 239, 260 (D. Conn. 2015); *Kidder v. Read*, 150 Conn. App. 720, 726-27 (2014).[5]

---

[5] The statute of limitations in Conn. Gen. Stat. § 52-577 can be tolled if there has been fraudulent

Applied to the allegations in this Action, it is clear from the face of the Amended Complaint that the statute of limitations has run and bars Plaintiff from pursuing his claims against the P&C Defendants.  More particularly, in the Amended Complaint itself, Plaintiff alleges that, as to Attorneys Barrett, Kukucka and Katz, the conduct underlying his claims of fraud on the court and civil rights violations took place between October and December 2015 when, in a purported conspiracy involving Ms. Seder, her attorneys prepared and filed the 2015 Financial Affidavits and allowed or encouraged Ms. Seder to commit perjury regarding the contents of those affidavits during the December 16, 2015 hearing before Judge Albis. Amended Comp., at ¶¶ 18-24.  While Plaintiff contends that, a year after the hearing before Judge Albis, presumably in 2016 or 2017, he received "evidence" through discovery in the Divorce Action to prove the alleged fraud, namely, Ms. Seder's mortgage application, he does not allege anywhere in the Amended Complaint that Attorneys Barrett, Kukucka or Katz engaged in any other purported misconduct after December 2015.

As for Attorney McCreery, Plaintiff alleges Attorney McCreery was notified in 2017 of Plaintiff's allegations of fraud and conspiracy, but he took no action to stop the attorneys in Pullman & Comley's family law practice from perpetrating this fraud on the court or to report

---

concealment. *Chien*, 2018 WL 4188447, at *4.  "Where a plaintiff can demonstrate that its claims were tolled due to defendant's fraudulent concealment, the three-year limitations period instead runs from the time when the plaintiff first discovers the existence of its cause of action." *Slainte Invs. Ltd. P'ship*, 142 F. Supp. 3d at 260 (citing Conn. Gen. Stat. § 52–595). To toll the statute of limitations, Plaintiff "must plausibly allege that he was 'ignorant of the facts that the defendant has sought to conceal,' … and that the defendant was aware of the fact, intentionally concealed it, and did so to delay the filing of the plaintiff's claim."  *Pritsker v. Am. Gen. Life Ins. Co.*, 690 F. App'x 770, 772 (2d Cir. 2017). Given Plaintiff's history of asserting fraud allegations against Ms. Seder and her attorneys from as early as the December 16, 2015 hearing for temporary support, Plaintiff cannot plausibly assert that he was unaware of the alleged fraud or that any defendant in this Action concealed facts from him that might operate to toll the running of the applicable three-year statute of limitations.

the alleged misconduct to the court, opposing counsel, Plaintiff and/or the Connecticut Statewide Grievance Committee. *Id.*, at ¶¶ 3-4. No other allegations of misconduct by Attorney McCreery exist in the Amended Complaint beyond these allegations from 2017.

In short, even assuming for purposes of this Motion to Dismiss that the allegations in the Amended Complaint are true, from the face of the Amended Complaint, the alleged misconduct underlying Plaintiff's claims all purportedly occurred between 2015 and 2017, nearly five years before the commencement of this Action; Plaintiff alleges no further misconduct as to the P&C Defendants. Further, Plaintiff has not (and cannot) assert any allegations of conduct that would ostensibly toll the applicable statute of limitations. To be timely, Plaintiff would have had to commence this Action by 2020 at the latest. Accordingly, because the three-year statute of limitations has run on Plaintiff's claims, as is readily ascertainable from the face of the Amended Complaint, the claims against the P&C Defendants must be dismissed with prejudice.

E.     **Failure to State a Claim against Attorney McCreery**

Plaintiff added Attorney McCreery as a defendant in the Amended Complaint on the grounds that, because Attorney McCreery, as an officer of the court and General Counsel of Pullman & Comley, did nothing in 2017 about Plaintiff's fraud allegations in the Divorce Action, he violated his ethical duties and an obligation or duty to the Plaintiff, in effect becoming "a co-conspirator and a contributor to the fraud on the court." Amended Comp., at ¶¶ 3-4. In addition to the above grounds for dismissing Plaintiff's claims against all the P&C Defendants, including Attorney McCreery, Plaintiff also fails to state a claim upon which relief can be granted against Attorney McCreery, and any such claim must be dismissed under Rule 12(b)(6).

First, the law in Connecticut is clear that an attorney does not owe a duty to a non-client, particularly a client's opponent or adversary. "[A] central dimension of the attorney-client

relationship is the attorney's duty of entire devotion to the interest of the client." *Krawczyk v.*

*Stingle*, 208 Conn. 239, 246 (1988).

> [A] client's interest must be recognized as adverse, or potentially adverse, to the
> other party. To find a duty of care to the other party interferes with the undivided
> loyalty owed the client and could undermine confidentiality and the goal of
> achieving the most advantageous position for the client. A broader duty to the other
> side could potentially affect future attorney-client relations and undermine an
> attorney's ethical obligation of independent judgment.

*Chicago Title Ins. Co. v. Bologna,* 2006 WL 3491260, at *6 (Conn. Super. Ct. Nov. 9, 2006).

"[C]ourts have refrained from imposing liability when such liability had the potential of

interfering with the ethical obligations owed by an attorney to his or her client." *Zanker Grp.*

*LLC,* 2008 WL 2756876, at *5 (quoting *Krawczyk,* 208 Conn. at 45-246).  In fact, in the

Appellate Court's decision in *Simms v. Seaman*, the Court affirmed the principle that lawyers

generally owe no duty to non-clients and that imposing such a duty – as Plaintiff appears to

suggest should be done here – "could tend to discourage lawyers from vigorous representation."

129 Conn. App. 651, 661 n. 9 (2011), aff'd, 308 Conn. 523 (2013). Accordingly, to the extent

Plaintiff's claims against Attorney McCreery are premised on a claim that Attorney McCreery

owed some sort of obligation or duty to Plaintiff, opposing counsel or the court – non-clients of

Attorney McCreery and Pullman & Comley – the law makes clear that no such duty exists and

Plaintiff's claims against Attorney McCreery must be dismissed.

Second, to the extent Plaintiff asserts claims against Attorney McCreery for failing to

comply with his ethical obligations as a lawyer, Connecticut law does not recognize a cause of

action based upon purported violations of the Rules of Professional Conduct. *See Beach v. Reg'l*

*Sch. Dist. No. 13*, 42 Conn. App. 542, 551 (1996) (opposing party lacked standing to argue his

adversary's counsel violated Rules of Professional Conduct); *Foreman v. Hausman*, 1991 WL

209647, at *1 (Conn. Super. Ct. Oct. 2, 1991) ("The Rules and Code cannot form a basis to

actions for civil liability."); *Rucci v. Stuart*, 2016 WL 5108046, at \*17 (Conn. Super. Ct. Aug. 12, 2016) ("the court finds violations of the Rules of Professional Conduct do not, ipso facto, create a presumption that a legal duty has been breached…").  Indeed, the Rules of Professional Conduct specifically states:

> [v]iolation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption that a legal duty has been breached … The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies.  They are not designed to be a basis for civil liability.

Preamble, Scope, Rules of Professional Conduct; *see also Ankerman v. Mancuso*, 79 Conn. App. 480, 485-486 (2003), aff'd, 271 Conn. 772 (2004) (quoting Preamble); *Citibank (S. Dakota) N.A. v. Litvyn*, 2010 WL 5610842, at \*2 (Conn. Super. Ct. Dec. 15, 2010) (striking claim premised on alleged violation of Rules of Professional Conduct for failing to state a cognizable claim).  In short, Plaintiff's allegations that Attorney McCreery's conduct violated his ethical obligations as an officer of the court do not give rise to a cause of action in favor of Plaintiff.  The claims against Attorney McCreery must, accordingly, be dismissed.

Finally, to the extent Plaintiff asserts a claim of fraud or conspiracy to commit fraud against Attorney McCreery, the key allegation in the Amended Complaint against Attorney McCreery – that he was notified of the alleged misconduct and failed to take appropriate steps – is pleaded only on information and belief, which does not satisfy Fed. R. Civ. P. 9(b).[6]  *See*

---

[6] Plaintiff asserts claims against Attorneys Barrett, Kukucka and Katz based generally on their representation of Ms. Seder in the Divorce Action, but the allegations against Attorneys Kukucka and Katz also lack the requisite specificity required under Rule 9(b) to assert claims of fraud against them. "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'" *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir.1993); *see also Goudis v. Am. Currency Trading Corp.*, 233 F. Supp. 2d 330, 334 (D. Conn. 2002) ("Under Rule 9(b), a plaintiff's claims must be sufficiently particular to provide each defendant with notice of his alleged wrongful conduct."). For this additional reason, the claims against Attorney Kukucka, a current partner with Pullman & Comley, and Attorney Katz, a former

Amended Comp., at ¶ 3 ("On at least two occasions, and on information and belief, he was notified in 2017 …").  "Pleadings of fraud generally cannot be based upon 'information and belief' unless the matter is peculiarly within the adverse party's knowledge, and even then there must be a statement indicating the factual basis for the belief."  *Columbus McKinnon Corp. v. China Semiconductor Co.*, No. CIV-88-211E, 1989 WL 82455, at *7 (W.D.N.Y. July 19, 1989); *see also Stern v. Leucadia Nat. Corp.*, 844 F.2d 997, 999 (2d Cir. 1988) ("fraud allegations premised upon information and belief do not satisfy Rule 9(b)"); *Celpaco, Inc. v. MD Papierfabriken*, 686 F. Supp. 983, 991 (D. Conn. 1988) ("The plaintiff also has failed to heed the prohibition against pleading fraud 'upon information and belief.'"); *Lawrence v. The Richman Grp. of Connecticut, LLC*, 2004 WL 2377140, at *5 (D. Conn. Sept. 30, 2004), aff'd sub nom. *Lawrence v. Richman Grp. of Connecticut, LLC*, 199 F. App'x 55 (2d Cir. 2006) (fraud claims dismissed as deficient when pleaded on information and belief).  For this additional reason, the claim against Attorney McCreery must be dismissed.

## III.    <u>CONCLUSION</u>

For all the foregoing reasons, the Defendants, Campbell D. Barrett, Jon T. Kukucka, Johanna S. Katz and Edward P. McCreery, respectfully request that the Court grant their Motion to Dismiss *with prejudice* the claims in the Amended Complaint against them, and grant such other and further relief as the Court deems just and proper.

---

associate with Pullman & Comley who has since left the firm, both of whom worked only tangentially on the *Errato* matter, must also be dismissed as legally insufficient under Rule 9(b).

August 12, 2022                                      Respectfully submitted,

                                                    DEFENDANTS CAMPBELL D. BARRETT, JON T.
                                                    KUKUCKA, JOHANNA S. KATZ, and EDWARD P.
                                                    McCREERY

_____
  David P. Friedman -- #ct03558
  dfriedman@murthalaw.com
  Lorey Rives Leddy – # ct19297
  lleddy@murthalaw.com

Murtha Cullina LLP
107 Elm Street, 11th Floor
Stamford, CT 06902
Telephone:  203-653-5437
Facsimile:   203-653-5444

*Their Attorneys*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 12, 2022, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all counsel and self-represented parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_____
Lorey Rives Leddy