UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT M. ERRATO,<br>    *Plaintiff*, | )<br>)<br>) |
| v. | )    3:22-CV-793 (SVN) |
| | ) |
| LAUREN T. SEDER, CAMPBELL D.<br>BARRETT, JON T. KUKUCKA,<br>JOHANNA S. KATZ, GERARD I.<br>ADELMAN, MICHAEL A. ALBIS,<br>BARBARA M. QUINN, LEO VINCENT<br>DIANA, EDWARD MCCREERY, III, and<br>the STATE OF CONNECTICUT,<br>    *Defendants*. | )<br>)<br>)<br>)<br>)<br>)    March 31, 2023<br>)<br>)<br>) |

## RULING AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS

Sarala V. Nagala, United States District Judge.

    Plaintiff Robert M. Errato, proceeding *pro se*, has brought this federal civil rights action against his former spouse Lauren T. Seder, Attorneys Campbell D. Barrett, John T. Kukucka, Johanna S. Katz, and Edward McCreery, III (the "Attorney Defendants"), Connecticut Superior Court Judges Gerard I. Adelman, Michael A. Albis, Barbara M. Quinn, and Leo Vincent Diana (the "Judicial Defendants"), and the State of Connecticut. Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging that his Fourteenth Amendment due process and equal protection rights were violated when the Judicial Defendants issued orders and decisions based on allegedly fabricated financial affidavits Seder and the Attorney Defendants submitted in an underlying state court divorce action.

    Seder and the Attorney Defendants now seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), while the Judicial Defendants and the State of Connecticut seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons below, the Court dismisses this action in full.

I.      FACTUAL BACKGROUND

Plaintiff's amended complaint ("Am. Compl."), ECF No. 56, alleges the following facts, which the Court takes as true for purposes of Defendants' pending motions to dismiss.[1]

Plaintiff's claims pertain to the divorce action in Connecticut Superior Court that dissolved his marriage to Defendant Seder. Am. Compl. ¶ 2. The Attorney Defendants are all current or former attorneys at the law firm of Pullman & Comley, LLC, the firm that represented Seder during the divorce action. *Id.* ¶¶ 2–3. Plaintiff alleges that Attorneys Barrett, Kukucka, and Katz served as counsel for Seder during the divorce action, while Attorney McCreery is a partner and General Counsel at Pullman & Comley who was made aware of his colleagues' alleged misconduct. *Id.* ¶¶ 2–4. The Judicial Defendants each presided over certain aspects of the divorce action. *Id.* ¶ 5. Plaintiff seeks to hold both the Judicial Defendants and the State of Connecticut liable for the Judicial Defendants' alleged misconduct. *See id.* ¶¶ 6–9. He further contends that each of the individual defendants—including Seder, who is an attorney—acted under color of state law as officers of the court. *Id.* ¶¶ 2–5.

Specifically, Plaintiff asserts that Seder and Barrett conspired to fabricate evidence in at least two financial affidavits during the dissolution action, *id.* ¶¶ 10, 18–20, and that the Judicial Defendants wrongfully accepted this fabricated evidence, *id.* ¶ 11. Plaintiff contends that, on October 22, 2015, Seder and Barrett filed a sworn affidavit in Connecticut Superior Court falsely stating that Seder had weekly expenses of $3,111 and then, on December 16, 2015, Seder and Barrett filed a second sworn affidavit falsely listing Seder's weekly expenses as $4,439. *Id.* ¶¶ 18–19. Plaintiff alleges that Seder's weekly expenses at the time were less than $1,700. *Id.* ¶ 19.

---

[1] Where a defendant moves to dismiss under either Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all factual allegations in the complaint as true, and draw inferences from those allegations in the light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006).

He further alleges that Seder and Barrett knew the figures in the affidavits were false and misleading, that Seder's subsequent testimony regarding her expenses was false, and that the submission of the affidavits amounted to perjury and suborning perjury. *Id.* ¶¶ 21–23.

Plaintiff asserts that he raised the issue of the fabricated evidence to each of the individual defendants named in this case, but none of them took any action as officers of the court to stop the "corruption." *Id.* ¶ 15. For example, during a hearing on December 16, 2015, Plaintiff notified Judge Albis that Seder had purchased a residential condominium in West Hartford, Connecticut, and that her affidavit must be inaccurate because no lending institution would allow her to mortgage the property if her weekly expenses were truly as high as she represented. *Id.* ¶ 24. Plaintiff claims that, when Seder's mortgage application was later disclosed, it revealed that she had provided different figures to her lender than she had provided in the affidavit she submitted to the state court. *Id.* ¶¶ 25–26.

Plaintiff contends that each of the significant decisions that followed the submission of the fabricated affidavits was "tainted" by the alleged "fraud on the court," and that he suffered a financial detriment as a result. *Id.* ¶ 13. For example, Plaintiff asserts that, based on the fabricated evidence, Judge Albis ordered him to pay Seder $8,500 per month in temporary alimony. *Id.* ¶ 27. He asserts that, in doing so, Judge Albis deprived him of his rights to be heard, to present evidence, to present reasons for the proposed action he requested, and to call and cross-examine witnesses. *Id.* Plaintiff further asserts that Seder experienced a windfall as a result of the state court's acceptance of her false affidavits. *Id.* ¶ 29.

In 2017, Judge Adelman held multiple hearings in which he discussed the representations in Seder's affidavits. *Id.* ¶¶ 31–33. Plaintiff claims that Judge Adelman acknowledged the importance of the accuracy of financial affidavits in dissolution actions, yet "failed on numerous

occasions and with numerous motions filed by [Plaintiff] to seek the truth, protect the integrity of the court, and protect [Plaintiff's] civil rights." *Id.* ¶¶ 31, 33. In July of 2018, Plaintiff filed a document in state court seeking a trial to address his claims that Seder and Attorneys Barrett, Kukucka, and Katz committed a fraud on the court. *Id.* ¶ 34. He claims that Judge Adelman did not address the motion "in any legal fashion," failed to take other action "to seek out the truth," and failed to protect his civil rights. *Id.* ¶¶ 34, 35.

In April of 2019, at the conclusion of the divorce trial, Judge Adelman issued a memorandum of decision in which he awarded Seder $700,000, including $250,000 in legal fees on the basis that Plaintiff had committed litigation misconduct. *Id.* ¶ 36. Plaintiff claims that Judge Adelman awarded legal fees "because of the number of times, and legal venues [Plaintiff] tried to get an audience to hear the evidence he had for fraud upon the court by officers of the court." *Id.* Judge Adelman also awarded Seder $2,500 per month in permanent alimony, stating that Seder's earning capacity was $15 per hour for a forty-hour workweek. *Id.*

On May 24, 2022, Plaintiff requested a mandamus order pursuant to Connecticut Practice Book § 23-47, but Judge Diana denied Plaintiff's request without explanation. *Id.* ¶¶ 16–17. Plaintiff contends that Judge Diana's "unexplained" denial violated his rights to be heard, to present evidence, to present reasons for the proposed action he requested, and to call and cross-examine witnesses. *Id.* ¶ 17. Plaintiff's amended complaint does not specify the precise relief he was seeking with respect to his request for a mandamus order. *See id.* ¶¶ 16–17.

Based on the foregoing, Plaintiff alleges that various defendants have tampered with evidence and committed fraud on the court, perjury,[2] and larceny. *Id.* ¶ 39. He further alleges

---

[2] Although Plaintiff alleges claims for perjury, neither Connecticut nor federal law recognize such a private civil cause of action. *See Terracino v. Buzzi*, 1 A.3d 115, 123 n.7 (Conn. App. Ct. 2010) ("[T]here is no civil remedy for perjury."); *Sash v. City of New York*, No. 05 CIV.1544 DAB JCF, 2006 WL 2474874, at *6 (S.D.N.Y. Aug. 11, 2006) (noting that "perjury and subornation of perjury . . . are not cognizable civil claims under . . . federal law").

4

violations of his Fourteenth Amendment rights under the U.S. Constitution. *Id.* ¶ 37. Specifically, he alleges that he has been deprived of his property without due process of the law, that he has been denied equal protection under the law, and that his procedural due process rights have been violated. *Id.* ¶¶ 38, 39.[3] He seeks monetary damages, and he asks the Court to find all rulings, findings, and judgments in the dissolution action voided and vacated. *Id.* at 19–20. He further requests an order directing the Connecticut Superior Court to "exercise its functions to prevent a failure of justice." *Id.* at 19.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiff initiated this action in June of 2022, by filing both his original complaint and a request for an injunction. ECF Nos. 1, 2. Then, in response to Plaintiff's amended complaint, Defendants filed three separate motions to dismiss: the Attorney Defendants moved for dismissal pursuant to Rule 12(b)(6), ECF No. 42; the Judicial Defendants and the State of Connecticut, together, moved for dismissal pursuant to Rule 12(b)(1), ECF No. 45; and Defendant Seder moved separately for dismissal pursuant to Rule 12(b)(6), ECF No. 47. The Court thereafter stayed discovery pending resolution of these motions. ECF No. 61. In October of 2022, Plaintiff filed a motion requesting oral argument on Defendants' motions to dismiss, as well as leave to file a surreply in opposition to those motions. The Court denied Plaintiff's request to file a surreply and took under advisement Plaintiff's request for argument. ECF No. 69. Plaintiff thereafter moved to stay this action pursuant to the abstention doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), so that a related state court case he

---

[3] Although Plaintiff also references the Due Process Clause of the Fifth Amendment in his amended complaint, Am. Compl. ¶ 38, "[t]he Fifth Amendment's Due Process Clause protects citizens against only federal government actors, not State officials," *Mitchell v. Home*, 377 F. Supp. 2d 361, 372 (S.D.N.Y. 2005).

5

filed could proceed. ECF No. 75. The Court denied Plaintiff's request for a stay and noted that it would proceed to issuing rulings on Defendants' pending motions to dismiss. ECF No. 85.

### III. LEGAL STANDARDS GOVERNING DISMISSAL UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)

#### A. Federal Rule of Civil Procedure 12(b)(1)

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a case for lack of subject matter jurisdiction. A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The ultimate 'burden of proving subject matter jurisdiction by a preponderance of the evidence' lies with the plaintiff." *See MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp. 3d 486, 497–98 (S.D.N.Y. 2017) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)), *aff'd*, 719 F. App'x 47 (2d Cir. 2017) (summary order).

#### B. Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted. When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.* In undertaking this analysis, the Court must "draw all reasonable inferences in

[the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).

The Court, however, is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678. Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Moreover, the Court bears in mind that a *pro se* litigant's filings must be liberally construed to raise the strongest arguments they suggest. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (collecting cases regarding the "special solicitude" afforded to *pro se* litigants).

## IV. SEDER AND THE ATTORNEY DEFENDANTS[4]

The Court begins by dismissing Plaintiff's section 1983 claims against Seder and the Attorney Defendants because he has failed to allege that any of these individuals acted under color of state law.

### A. Legal Standard

To state a claim under section 1983, "a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. County of Nassau*,

---

[4] As a preliminary matter, based on its review of Plaintiff's amended complaint and the parties' briefing, the Court finds that oral argument would not be helpful in guiding the Court's analysis of Defendants' present motions. Accordingly, Plaintiff's request for oral argument is denied.

292 F.3d 307, 323 (2d Cir. 2002). In other words, because the U.S. Constitution "regulates only the Government, not private parties," a plaintiff claiming that his constitutional rights have been violated "must first establish that the challenged conduct constitutes state action." *Id.* (internal quotation marks omitted). State action occurs where "the challenged action of a private party is fairly attributable to the state." *Hollander v. Copacabana Nightclub*, 624 F.3d 30, 33 (2d Cir. 2010) (internal quotation marks omitted).

A private actor "acts under color of state law when [she] 'is a willful participant in joint activity with the State or its agents.'" *Ciambriello*, 292 F.3d at 324 (quoting, in part, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). Thus, a private actor who engages in "a conspiracy with state officials to deprive another of federal rights" acts under color of state law for the purposes of section 1983. *Smulley v. Liberty Mut. Holding Co., Inc.*, No. 22-1158, 2023 WL 2494098, at *2 (2d Cir. Mar. 14, 2023) (summary order) (quoting *Tower v. Glover*, 467 U.S. 914, 920 (1984)). A plaintiff, therefore, "may circumvent the state action requirement" by alleging joint action or a conspiracy between a defendant and a state official. *Bryant v. Braithwaite*, No. 1:12-CV-87-JGM, 2013 WL 877107, at *4 (D. Vt. Mar. 8, 2013) (citing *Ciambriello*, 292 F.3d at 324–25). The plaintiff cannot, however, "rely on conclusory allegations to do so." *Id.*; *Ciambriello*, 292 F.3d at 324 (dismissing section 1983 claim when the complaint contained no non-conclusory allegations suggesting the private party conspired with the state entity defendant). To survive a motion to dismiss on a section 1983 conspiracy claim, a plaintiff must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Smulley*, 2023 WL 2494098, at *2; *Ciambriello*, 292 F.3d at 324–25.

Relevant here, it is well established that private attorneys performing a lawyer's traditional functions are not state actors for the purposes of section 1983 claims. *Szymonik v. Connecticut*, 807 F. App'x 97, 102 (2d Cir. 2020) (summary order) ("[The defendant], as a private attorney, was not a state actor; that he was licensed by the state to practice law does not render him a state actor."); *see also See Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) (noting that "court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983"); *Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) (summary order) ("It is well established that private attorneys-even if the attorney was court appointed-are not state actors for the purposes of § 1983 claims.").

B. Discussion

Plaintiff has failed to allege that either Seder or the Attorney Defendants acted under color of state law. Plaintiff attempts to characterize the conduct of these Defendants as state action by referring to each of them as an "officer of the court." Am. Compl. ¶ 1 (asserting that this Court has federal question jurisdiction over this action because Defendants "are all officers of the court" and "acted under the color of state law"). As discussed, however, it is well settled that private attorneys do not become state actors simply by participating in judicial proceedings. *See Szymonik*, 807 F. App'x at 102; *Rodriguez*, 116 F.3d at 65–66; *Licari*, 374 F. App'x at 231. Accordingly, Plaintiff's attempt to characterize Seder and the Attorney Defendants as state actors because they were acting as officers of the court during the underlying dissolution action is unavailing.

Nor has Plaintiff alleged that Seder or the Attorney Defendants acted jointly or conspired with any state actor. Although Plaintiff makes several allegations about certain Defendants conspiring together, his complaint does not allege that either Seder or the Attorney Defendants

9

conspired *with any Judicial Defendants*. *See* Am. Compl. ¶ 4 (alleging that Attorney McCreery's "lack of any action allowed the other Defendants Barrett, Kukucka and Katz to violate [Plaintiff's] civil rights, which make [sic] [McCreery] a co-conspirator and a contributor to the fraud on the Court by officers of the court"); *id.* ¶¶ 10, 18–20, 27 (alleging that Seder and Attorney Barrett "conspired to knowingly and intentionally fabricated [sic] physical evidence" in the form of sworn financial affidavits).

Rather than allege that any of the Judicial Defendants, the only state actors named in his amended complaint, participated in this purported conspiracy, Plaintiff alleges that the Judicial Defendants wronged him in the following ways. First, Judge Albis "believed or intentionally ignored the fabricated expense numbers in [Seder's] affidavit" and "stripped [Plaintiff] of $8,500 per month or $1,963 per week without regard for the fraudulent and fabrication of evidence issues raised by [Plaintiff]." *Id.* ¶ 27. Next, Judge Adelman failed to properly address Plaintiff's requests for relief, failed to "seek the truth, protect the integrity of the court, and protect [Plaintiff's] civil rights," and ordered Plaintiff to pay legal fees because Plaintiff tried to "get an audience to hear the evidence he had" about the fraud he alleges. *Id.* ¶¶ 31, 33–36. Finally, Plaintiff alleges that Judge Diana, "without explanation," denied his request for an order of mandamus. *Id.* ¶¶ 16–17.

Far short of alleging any type of agreement between Seder or the Attorney Defendants and the Judicial Defendants, these allegations merely claim that the Judicial Defendants failed to recognize the fraud he alleges, disregarded his concerns, and failed to properly address his requests for relief. Indeed, instead of alleging that the Judicial Defendants acted *in concert* with Seder and the Attorney Defendants, Plaintiff specifically alleges that Seder and the Attorney Defendants were attempting to "mislead" and "deceive" the state court. *Id.* ¶ 22. Such allegations are plainly insufficient to allege that Seder or the Attorney Defendants acted under color of state law. *Cf.*

10

*Smulley*, 2023 WL 2494098, at *2 ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." (quoting *Dennis v. Sparks*, 449 U.S. 24, 28 (1980))).

The Court notes that neither Seder nor the Attorney Defendants argued this basis for dismissal forcefully in their briefing on the present motions. Instead, in the section of their briefing summarizing Plaintiff's allegations, the Attorney Defendants state that Plaintiff does not allege that they are state actors but has named Superior Court judges as co-defendants. ECF No. 42-1 at 9. Seder then incorporates by reference into her briefing the Attorney Defendants' recitation of facts to the extent they apply to her. ECF No. 47-1 at 1.

Presumably because the state actor issue was not presented more directly, Plaintiff has not briefed it in his response to the motions to dismiss. Upon review of Plaintiff's amended complaint, however, the Court finds that any additional briefing on this issue would be futile. The law is clear. In order to proceed under section 1983, a plaintiff must allege that the defendant either acted under color of state law or acted in concert with a state actor. Even affording Plaintiff the special solicitude afforded to *pro se* litigants, his amended complaint does not include such allegations. The Court therefore finds that any responsive briefing Plaintiff may have submitted on this issue would have been futile. *See Licari*, 374 F. App'x at 231 (affirming *sua sponte* dismissal of section 1983 claims against private attorney as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)).

For these reasons, Plaintiff's section 1983 claims against Seder and the Attorney Defendants are dismissed pursuant to Rule 12(b)(6).[5]

## V. THE JUDICIAL DEFENDANTS

Next, the Court dismisses Plaintiff's claims against the Judicial Defendants because it lacks subject matter jurisdiction to hear such claims to the extent Plaintiff requests an order setting aside state court decisions, and because Plaintiff's remaining claims are barred by judicial immunity.

### A. *Rooker-Feldman* Doctrine

Pursuant to the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to hear Plaintiff's claims requesting that it set aside or void the rulings, judgments, and decisions in the underlying state court divorce action. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983).

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)). This doctrine is "rooted in the principle that 'appellate jurisdiction to reverse or modify a state-court judgment is lodged exclusively in the Supreme

---

[5] To the extent Plaintiff purports to be asserting claims against the Attorney Defendants for common law fraud separate from his section 1983 claims, the Court first notes that the amended complaint is bereft of any allegations that Attorneys Kukucka or Katz committed such fraud, and contains only conclusory allegations that Attorney McCreery conspired in the alleged fraud. In any event, such claims would be squarely barred by the litigation privilege as to all of the Attorney Defendants, and as to Defendant Seder. *Simms v. Seaman*, 69 A.3d 880, 906 (Conn. 2013) (holding that "attorneys are protected by the litigation privilege against claims of fraud for their conduct during judicial proceedings"); *Tyler v. Tatoian*, 137 A.3d 801, 807 (Conn. App. Ct. 2016) ("Although not all of the reasoning in *Simms* applies when the person invoking the privilege is not representing a party as an attorney, the underlying policy and history of the privilege lead us to conclude that it extends to bar claims of fraud against a party opponent."), *cert. denied*, 135 A.3d 710 (Conn. 2016). Moreover, to the extent Plaintiff asserts claims for larceny, such claims would be barred by Connecticut General Statutes § 52-577 because Plaintiff alleges no conduct by Seder or the Attorney Defendants occurring in the three years before he filed this action. *Gordon v. Gordon*, No. CV145034865S, 2015 WL 5626285, at *3 (Conn. Super. Ct. Aug. 19, 2015), *aff'd*, 155 A.3d 809 (Conn. App. Ct. 2017) ("[T]he larceny and extortion claims made by the plaintiff are properly statutory theft claims for which the statute of limitations is 'the three-year period applicable to torts, set forth in General Statutes § 52–577.'" (quoting, in part, *Certain Underwriters at Lloyd's, London v. Cooperman*, 289 Conn. 383, 408, 957 A.2d 836 (2008))).

Court.'" *Id.* (cleaned up). In order for the *Rooker-Feldman* doctrine to apply, four requirements must be met: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by a state court judgment'; (3) the plaintiff 'invites review and rejection of that judgment'; and (4) the state judgment was 'rendered before the district court proceedings commenced.'" *Id.* (cleaned up).

As for the first requirement, Plaintiff lost in state court because he claims that the improper conduct discussed in his amended complaint resulted in a dissolution judgment and related orders that precipitated "a significant windfall" for Seder, Am. Compl. ¶ 29, and constituted, in his view, "a failure of justice," *id.* at 19. Plaintiff then appealed the dissolution judgment, *see Seder v. Errato*, 272 A.3d 252 (Conn. App. Ct. 2022), *cert. denied*, 274 A.3d 868 (Conn. 2022), and has sought to modify or challenge that judgment in state and federal court, *see* Am. Comp. ¶ 34 (detailing Plaintiff's request for a state court trial to address his claims for fraud on the court). Thus, the first requirement is satisfied. *See Gribbin v. N.Y. State Unified Ct. Sys.*, 838 F. App'x 646, 647–48 (2d Cir. 2021) (summary order) (first prong satisfied where plaintiff's complaint alleged "that defendants' illegal actions during [the plaintiff's] state divorce proceedings resulted in an 'unjust and injurious' judgment of divorce, which she . . . sought to enjoin in both state and federal court").

The second requirement—that Plaintiff complains of injuries caused by the state court judgment—is also met. Plaintiff claims that the orders in the dissolution action have "stripped [him] of more and more of his life saving[s] continuing to date" and have led to his "complete financial demise." Am. Compl. ¶ 29. Accordingly, Plaintiff complains of injuries caused by the dissolution judgment and related orders. *See Gribbin*, 838 F. App'x at 648 (second prong met where plaintiff alleged injuries "including the loss of her marital home and the distribution of her

marital property in a manner she finds unfair" resulting from "the state court's . . . judgment of divorce and two . . . orders enforcing the terms of that judgment").

Regarding the third requirement, Plaintiff expressly requests review and rejection of the state court dissolution judgment and other related decisions. Specifically, Plaintiff requests that the Court "set aside all rulings, findings and judgments made in the [dissolution action]," and issue an order "directing the defendants to void all of the decisions in the dissolution action to prevent a failure of justice." Am. Compl. at 19. Plaintiff's choice to present his causes of action as section 1983 claims does not change that his amended complaint seeks review and rejection of state court decisions. *See Rabinowitz v. New York*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) ("A plaintiff may not overcome the doctrine and seek a reversal of a state court judgment 'simply by casting his complaint in the form of a civil rights action.'"). Accordingly, the third requirement is satisfied.

Finally, as for the fourth requirement, Plaintiff commenced these proceedings after the dissolution judgment and related decisions at issue were entered. Plaintiff filed his complaint on June 21, 2022. ECF No. 1. By that time, he had already appealed the dissolution judgment, the Connecticut Appellate Court had affirmed that judgment, and the Connecticut Supreme Court had denied Plaintiff's request for certification. *See Seder v. Errato*, 274 A.3d 868 (Conn. 2022) (in a decision dated May 17, 2022, denying Plaintiff's petition for certification).[6] Thus, the fourth prong is likewise satisfied. *See Gribbin*, 838 F. App'x at 648 (fourth prong was met "because the state court judgment was rendered in May 2016, and [the plaintiff's] appeal from that judgment was dismissed in December 2017, well before she commenced her federal action in October 2018").

Based on the foregoing, the Court lacks subject matter jurisdiction over Plaintiff's claims in this action to the extent he seeks to set aside or void the dissolution judgment and related orders

---

[6] To the extent Plaintiff is seeking to challenge Judge Diana's decision denying his request for an order of mandamus, that decision was entered on June 7, 2022, two weeks before Plaintiff commenced this action.

in the underlying divorce proceedings. *See McKnight v. Middleton*, 699 F. Supp. 2d 507, 515 (E.D.N.Y. 2010) (noting that Second Circuit precedent suggests "that a plaintiff's claims seeking only monetary damages or prospective-only relief against court procedures rather than modification of a family court's temporary custody or other orders would not run afoul of the *Rooker–Feldman* doctrine"), *aff'd*, 434 F. App'x 32 (2d Cir. 2011) (summary order).[7]

### B. Judicial Immunity

To the extent the Court maintains jurisdiction over Plaintiff's claims against the Judicial Defendants, his claims must be dismissed on the basis of judicial immunity.

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions," *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)), whether they are sued in their individual or official capacities, *Szymonik v. Connecticut*, No. 3:18-CV-263 (MPS), 2019 WL 203117, at *7 (D. Conn. Jan. 15, 2019), *aff'd*, 807 F. App'x 97 (2d Cir. 2020) (summary order). Moreover, 42 U.S.C. § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such

---

[7] Plaintiff appears to concede that the dissolution matter "is no longer ongoing." ECF No. 64 at 8. To the extent the dissolution action might yet be considered ongoing because of the post-judgment motions for orders of contempt filed by Seder and various motions filed by Plaintiff, however, the Court concludes that abstention would be warranted under *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. Under *Younger*, federal courts shall refrain from interfering with pending state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts" and "involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013) (alteration in original); *see also Cavanaugh v. Geballe*, 28 F.4th 428, 434 (2d Cir. 2022) ("federal courts should refrain from interfering with core state court civil administrative processes, powers, and functions that allow the state courts to adjudicate the matters before them and enforce their judgments"). The remaining motions before the state court are central to that court's ability to perform its essential judicial function in divorce proceedings: namely, to enforce its judgment of dissolution and the orders attendant to it. Therefore, *Younger* abstention would be appropriate. *See, e.g., Falco v. Justs. of the Matrimonial Parts of Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 428 (2d Cir. 2015) (holding that the plaintiff's challenge to a New York law that required parents to pay for attorneys appointed for their children, which was filed after the plaintiff was ordered to show cause why he should not be held in contempt for nonpayment, was barred under *Younger*); *Grigoli v. 42 U.S.C. § 654(3) Child Support Enf't Div.*, No. 18-CV-3672 (NSR), 2018 WL 2084172, at *4 (S.D.N.Y. May 1, 2018) (finding that a request by the plaintiff that the federal court intervene in a child support collections case by refunding his money implicates how the state court manages its proceedings and dismissing under *Younger*).

officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

Judicial immunity applies "unless the conduct alleged is non-judicial or is in the clear absence of jurisdiction." *Manhattan King David Rest., Inc. v. Blackshear*, 101 F.3d 685, 1996 WL 280538, at *1 (2d Cir. 1996). Acts "arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. Judicial immunity "is conferred in order to insure 'that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Id.* at 209. Therefore, "even allegations of bad faith or malice cannot overcome judicial immunity." *Id.*

Here, Plaintiff's remaining claims against the Judicial Defendants are plainly barred by judicial immunity. First, Plaintiff may not pursue his claims for money damages against the Judicial Defendants because his allegations against them pertain only to judicial acts that were not taken in the clear absence of jurisdiction. As discussed, the thrust of Plaintiff's allegations against the Judicial Defendants is that they failed to address his concerns and protect the integrity of the judicial process, that Judges Albis and Adelman issued orders and judgments based on fabricated evidence, that Judge Adelman improperly ordered Plaintiff to pay legal fees after he tried to seek relief for the fraud he alleges, and that Judge Diana improperly denied his request for an order of mandamus. Am. Compl. ¶¶ 16–17, 27, 31, 33–36.

These allegations reference only judicial actions. *See Pappas v. Lorintz*, 832 F. App'x 8, 12 (2d Cir. 2020) (summary order) (affirming dismissal of claims that judge violated plaintiff's Fourteenth Amendment due process and equal protection rights by issuing "gag order" and financial restraint on bank account in a state court divorce proceeding because the judge "operated in his judicial capacity at all times"); *Festinger v. Snitow Kaminetsky Rosner & Snitow, LLP*, No.

20-CV-9784 (PGG) (KNF), 2021 WL 4700543, at *8 (S.D.N.Y. July 6, 2021) ("It is clear from the face of the complaint that the plaintiff's claims are based on the defendant's judicial acts taken pursuant to her judicial power and authority, namely, making determinations and issuing orders in the matrimonial proceeding to which the plaintiff is a party."), *report and recommendation adopted*, No. 20 Civ. 9784 (PGG) (JW), 2022 WL 901660 (S.D.N.Y. Mar. 28, 2022), *appeal dismissed* (Sept. 21, 2022); *Buhannic v. Friedman*, No. 18-CV-5729(RA), 2019 WL 481732, at *5 (S.D.N.Y. Feb. 7, 2019) (finding that judge's "decisions to deny [the plaintiff's] various motions in the State Action [were] quintessential judicial acts").

Moreover, Plaintiff does not advance any plausible argument that the Judicial Defendants were acting in the clear absence of jurisdiction. The Court is unpersuaded by Plaintiff's assertion that the Judicial Defendants lacked subject matter jurisdiction to issue decisions in the underlying divorce action because such decisions were influenced by fraud. In support of this argument, Plaintiff cites various cases holding that, if a court lacked subject matter jurisdiction to issue a judgment, that judgment is void. ECF No. 64 at 11–12 (citing, among other cases, *Am. Tax Funding, LLC v. Design Land Devs. of Newtown, Inc.*, 240 A.3d 678, 685 (Conn. App. Ct. 2020)). Plaintiff offers no support, however, for the inverse proposition he seeks to advance—i.e., that when a judgment is void for any reason, subject matter jurisdiction is stripped from the court. Accordingly, this argument is unavailing.

The Court is likewise unconvinced by Plaintiff's suggestion that officers of the court have no immunity from liability when they are alleged to have violated a constitutional right because they are deemed to know the law. *Id.* at 11 (citing *Owen v. City of Independence*, 445 U.S. 622 (1980)). This argument is simply without a basis in the law. *See Wik v. Kunego*, No. 11-CV-6205-CJS, 2012 WL 4801038, at *4 (W.D.N.Y. Oct. 9, 2012) ("[The plaintiff's] argument, that, 'While

absolute judicial immunity may apply for money damages pursuant to a § 1983 claim no judicial immunity may be applied when the causes [sic] of action is pursuant to Constitutional Torts,' is without authority and misstates the present state of the law."). Accordingly, Plaintiff may not seek money damages against the Judicial Defendants for the conduct alleged in his amended complaint.

Nor may Plaintiff proceed on his apparent requests for injunctive relief against the Judicial Defendants. Put simply, Plaintiff has not alleged that the Judicial Defendants violated any declaratory decree; nor has he alleged that declaratory relief was unavailable. Notably, "[d]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *Szymonik*, 2019 WL 203117, at *7. Here, Plaintiff did in fact appeal the dissolution judgment in the underlying divorce action, and that judgment was affirmed. *See Seder v. Errato*, 272 A.3d 252 (Conn. App. Ct. 2022), *cert. denied*, 274 A.3d 868 (Conn. 2022). Accordingly, to the extent Plaintiff seeks injunctive relief against the Judicial Defendants, his claims are barred by the plain text of section 1983 and must likewise be dismissed.

For these reasons, Plaintiff's claims against the Judicial Defendants are dismissed in full. *See Caroselli v. Curci*, 371 F. App'x 199, 202 (2d Cir. 2010) (summary order) ("With respect to the state court judges, insofar as [the plaintiff] seeks money damages, such claims are barred by absolute judicial immunity. Insofar as [the plaintiff] seeks injunctive relief against the state court judges, such relief is statutorily barred." (citations omitted)).[8]

## VI. THE STATE OF CONNECTICUT

Finally, Plaintiff's claims against the State of Connecticut are barred by the Eleventh Amendment.

---

[8] In light of this holding, the Court need not reach the Judicial Defendants' arguments regarding the domestic relations abstention doctrine, the abstention principles in *O'Shea v. Littleton*, 414 U.S. 48 (1974), or the Eleventh Amendment.

18

The Eleventh Amendment to the U.S. Constitution states: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. While the Eleventh Amendment does not expressly provide that citizens of one state cannot sue their own state, the Supreme Court has held that a state that refuses to consent to suit is immune from suits brought in federal courts "by her own citizens as well as by citizens of another state." *Emps. of Dep't of Pub. Health & Welfare v. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973). Because the Eleventh Amendment "restricts the judicial power under Article III," *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72–73 (1996), a motion to dismiss on the basis of sovereign immunity under the Eleventh Amendment is properly brought under Rule 12(b)(1), *Long Island Pure Water Ltd. v. Cuomo*, 375 F. Supp. 3d 209, 215 (E.D.N.Y. 2019).[9]

Here, Plaintiff's section 1983 claims against the State may not proceed. *See K & A Radiologic Tech. Servs., Inc. v. Comm'r of Dep't of Health of State of N.Y.*, 189 F.3d 273, 278 (2d Cir. 1999) ("States . . . are immunized by the Eleventh Amendment from suits brought by private citizens in federal court and, in any event, are not 'persons' subject to suit under § 1983." (citing, in part, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 & n.10 (1989))). The State has not consented to be sued, and Congress has not overridden the State's immunity by statute. *See Wagner v. Conn. Dep't of Corr.*, 599 F. Supp. 2d 229, 238 (D. Conn. 2009); *Ammann v.*

---

[9] Neither the Second Circuit nor the Supreme Court has definitively determined whether the Eleventh Amendment is to be understood as a bar to subject matter jurisdiction or is "more appropriately viewed as an affirmative defense." *Ripa v. Stony Brook Univ.*, 808 F. App'x 50, 50 n.1 (2d Cir. 2020) (summary order); *see also Aldridge v. Lamont*, No. 3:20-cv-924 (KAD), 2020 WL 7773415, at *4 n.6 (D. Conn. Dec. 30, 2020). While the Court believes that the opening phrase of the Eleventh Amendment, which provides that the "judicial power of the United States shall not be construed to extend" to certain suits, suggests that the Amendment limits the subject matter jurisdiction of the Court, it need not and does not decide this question here. Regardless of which view of the Eleventh Amendment applies, Plaintiff's claims against the State are barred by it.

*Connecticut*, No. 3:04-cg-1647 (MRK), 2005 WL 465401, at *1 (D. Conn. Feb. 10, 2005) (noting that section 1983 does not abrogate a state's sovereign immunity). To the extent Plaintiff argues that the exception to sovereign immunity set forth in *Ex Parte Young*, 209 U.S. 123 (1908), applies to his claims against the State, this argument is unavailing because *Ex Parte Young* applies only to claims against state officials, not the State itself. *See Harris v. N.Y. State Educ. Dep't*, 419 F. Supp. 2d 530, 534 (S.D.N.Y. 2006) ("Actions for injunctive relief under the *Ex parte Young* exception to this prohibition constitute suits against state officials, not against the state or state agency itself.").

For these reasons, Plaintiff's section 1983 claims against the State of Connecticut must be dismissed for lack of subject matter jurisdiction.

## VII.   CONCLUSION

For the reasons described herein, Defendants' motions to dismiss at ECF Nos. 42, 45 and 47 are GRANTED, Plaintiff's request for oral argument at ECF No. 68 is DENIED, and Plaintiff's motion for an injunction at ECF No. 2 is DENIED AS MOOT. Because Plaintiff has already amended his complaint once, and because the Court finds that any amendments to his operative complaint would be futile, Plaintiff's amended complaint is dismissed without leave to amend. The Clerk is directed to close this case.

**SO ORDERED** at Hartford, Connecticut, this 31st day of March, 2023.

  /s/ Sarala V. Nagala  
SARALA V. NAGALA  
UNITED STATES DISTRICT JUDGE